1  JORY C. STEELE, SBN 206944
   ALAN L. SCHLOSSER, SBN 49957
2  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
      OF NORTHERN CALIFORNIA, INC.
3  39 Drumm Street
   San Francisco, CA  94111
4
   Telephone:  (415) 621-2493
5  Facsimile:  (415) 255-1478
   jsteele@aclunc.org
6
   DONALD W. BROWN, SBN 83347
7  STEPHEN E. GEORGE, SBN 244512
   COVINGTON & BURLING LLP
8  One Front Street
   San Francisco, CA  94111
9
   Telephone: (415) 591-6000
10 Facsimile: (415) 591-6091
   sgeorge@cov.com
11
   Attorneys for Plaintiffs

E-Filing

ORIGINAL
FILED

JUN - 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WDB

12

13          UNITED STATES DISTRICT COURT

14        FOR THE NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

C 07 3009

16 | SAMUEL L. GENSAW III, a minor, by and
   | through MARGARET L. GENSAW, his
17 | mother/legal guardian; LENA-BELLE          Civil Case No.:
   | GENSAW, a minor, by and through
18 | MARGARET L. GENSAW, her mother/legal
   | guardian; JON-LUKE GENSAW, a minor,
19 | by and through MARGARET L. GENSAW,
   | his mother/legal guardian; PETER R.        COMPLAINT FOR DECLARATORY
20 | GENSAW, a minor, by and through            AND INJUNCTIVE RELIEF (RACIAL
   | MARGARET L. GENSAW, his mother/legal       DISCRIMINATION)
21 | guardian; WILLIAM ULMER-GENSAW, a
   | minor, by and through CURTIS F.            CLASS ACTION
22 | GENSAW, his father/legal guardian;
   | ANGELICA ULMER, a minor, by and            DEMAND FOR JURY TRIAL
23 | through CURTIS F. GENSAW, her legal
   | guardian; CHARLES ULMER-GENSAW, a
24 | minor, by and through CURTIS F.
   | GENSAW, his father/legal guardian;
25 | TERESITA ULMER-GENSAW, a minor, by
   | and through CURTIS F. GENSAW, her
26 | father/legal guardian; ISAIAH PARSLEY, a
   | minor, by and through RUBY GRUBBS, his
27 | foster parent and guardian *ad litem*; and
   | CHERRISA PARSLEY, a minor, by and
28 | through RUBY GRUBBS, her foster parent
   | and guardian *ad litem*, Individually on Behalf

1   of Themselves and All Others Similarly
    Situated,

2
           Plaintiffs,

3
           v.

4

5   DEL NORTE COUNTY UNIFIED
    SCHOOL DISTRICT; ROBERT
    BERKOWITZ, in his official capacity as a

6   member of the Del Norte County Unified
    School District Board; THOMAS

7   COCHRAN, in his official capacity as a
    member of the Del Norte County Unified

8   School District Board; FAITH CRIST, in
    her official capacity as a member of the Del

9   Norte County Unified School District
    Board; WILLIAM MAFFETT, in his

10  official capacity as a member of the Del
    Norte County Unified School District

11  Board; JAN MOOREHOUSE, in her
    official capacity as Superintendent of the

12  Del Norte County Unified School District;
    and WILLIAM PARKER, in his official

13  capacity as a member of the Del Norte
    County Unified School District Board,

14
           Defendants.

15

16         Plaintiffs Samuel L. Gensaw III, Lena-Belle Gensaw, Jon-Luke Gensaw, and

17  Peter R. Gensaw, all minors appearing by and through Margaret L. Gensaw, their mother/legal

18  guardian; William Ulmer-Gensaw, Angelica Ulmer, Charles Ulmer-Gensaw, and Teresita

19  Ulmer-Gensaw, all minors appearing by and through Curtis F. Gensaw, their father and/or legal

20  guardian; and Isaiah Parsley and Cherrisa Parsley, both minors appearing by and through Ruby

21  Grubbs, their foster parent and guardian *ad litem*, as individuals, and on behalf of all others

22  similarly situated (*i.e.*, the members of the Plaintiff Class, as defined herein), allege as follows:

23

24                          **GENERAL ALLEGATIONS**

25         1.   This is a class action seeking declaratory and injunctive relief arising out of

26  Plaintiffs' challenge, on behalf of themselves and a class of similarly situated others, to the June

27  9, 2005, decision by the Del Norte County Unified School District ("the District") to close the

28  middle school grades (six through eight) of Margaret Keating Elementary School ("Margaret

1    Keating") in Klamath, California, and the reassignment and busing of Margaret Keating middle

2    school students to Crescent Elk Middle School in Crescent City, California, beginning in

3    September 2005.

4        2.   In the 2004-2005 school year, approximately 67% of the students enrolled at

5    Margaret Keating were Native Americans.  Margaret Keating was, for middle school students

6    and others, a center of Native American cultural heritage, important to the preservation of the

7    traditions, values, and customs of the Yurok tribe.  The school maintains a model Yurok village,

8    two traditionally built canoes, and other examples of Yurok history and society.  Margaret

9    Keating also has a certified Yurok language instructor.  Teachers and members of the Native

10   American community have provided Margaret Keating students with knowledge of and

11   instruction in traditional skills, such as basket-weaving and net-making at the school.   Middle

12   school children and their parents would make use of Margaret Keating and its facilities to gather

13   and participate in Native American cultural events and activities during after-school hours, as

14   well.  Children and others from outside the school would visit Margaret Keating to learn about

15   Yurok culture, with Margaret Keating middle school students acting as tour guides.

16       3.   No other school in the District has facilities or a faculty similarly equipped

17   and providing for such instruction in and awareness and preservation of Native American

18   culture, history, and pride.  Native Americans comprise 15% of the students in the overall

19   District, and only a minority of the students in each school in the District other than Margaret

20   Keating.

21       4.   On June 9, 2005, the District decided to close Margaret Keating's middle

22   school grades (six through eight), and to reassign the students in those grades to Crescent Elk

23   Middle School, more than twenty miles and a winding 1 1/2 hour or more bus ride away.

24       5.   The District's decision to close Margaret Keating and bus its middle school

25   students to Crescent City had and continues to have a disproportionate impact on Native

26   Americans.  The District has said that its decision was made in order to save costs.  That

27   ostensible justification runs contrary to the recommendation made by a "Blue Ribbon Facilities

28   Committee" established by the District itself, which studied the situation and recommended

1   closing Pine Grove Elementary School in Crescent City to realize the largest savings, or closing

2   grades six through eight at Mountain Elementary School – a school with a predominantly white

3   student population – which (unlike closing those grades at Margaret Keating) would not result

4   in any additional transportation expenses.

5       6.  The United States Department of Education Office of Civil Rights ("OCR")

6   investigated the District's decision to close Margaret Keating's middle school and reassign

7   students to Crescent Elk Middle School.  The OCR concluded that the evidence showed non-

8   compliance with Title VI of the Civil Rights Act of 1964 with respect to the District's action.

9   The OCR found that the District's actions had a racially disproportionate impact violative of

10  Title VI in that the District treated Margaret Keating, a predominantly Native American school,

11  differently than schools with predominantly white populations.  The OCR concluded that the

12  District failed to show that its decision to close the Margaret Keating middle school was based

13  on legitimate educational and/or operational reasons, and not on the basis of national origin.

14  Consequently, the OCR found that the District did not comply with Title VI.

15      7.  The District, in deciding to close Margaret Keating's middle school grades,

16  and to reassign and require that students be bused to Crescent Elk Middle School, was

17  motivated by racially discriminatory purpose and intent.  The extreme disproportionate impact

18  on Native American students; the absence of any substantial legitimate financial or other

19  justification; the historical record of discrimination against Native Americans in the community;

20  the District's departure from and failure to follow usual and reasonable procedures in reaching,

21  documenting, and explaining its decision; the District's rejection of its own Blue Ribbon

22  Committee's non-discriminatory recommendations; and other factors, demonstrate the District's

23  discriminatory intent and purpose in deciding to close Margaret Keating and bus reassigned

24  Native American students to Crescent Elk Middle School in Crescent City.

25      8.  The District's decision to close the Margaret Keating middle school grades,

26  and to bus reassigned middle school students to Crescent Elk Middle School, has caused and

27  continues to cause substantial harm to the affected Native American students.  Their school day

28  has been lengthened considerably, by as much as three or more hours a day, because of the long

1   bus rides to and from school.  As a result, the students have little to no available pre- and after-

2   school time to study, or to participate in tribal activities and events.  The affected students no

3   longer have access to the facilities and faculty of Margaret Keating and, consequently, have

4   been and are being deprived of opportunities to learn about and preserve their Native American

5   values, customs, and traditions.  Instead, the affected students now are enrolled in a school

6   where both faculty and students are non-supportive of and hostile to Native American culture.

7   At Crescent Elk Middle School, there have been numerous and continuing incidents of racially

8   motivated harassment of Native American children by other students.  Teachers at Crescent Elk

9   have discriminated and continue to discriminate against Native American students by imposing

10  disparate standards, types and amounts of discipline on Native American students, and by

11  making racially insulting comments to Native American students.  The ability of the Native

12  American children moved from Margaret Keating to Crescent Elk to study and learn has been

13  negatively affected by all these conditions, resulting for many in dramatically lower grades and

14  achievement than they had been obtaining at Margaret Keating.

15          9.   The continued absence of grades six through eight from Margaret Keating

16  poses the threat of the same harm to those Native American children living in Klamath, now in

17  grades five or lower, who would attend grades six through eight at Margaret Keating but for

18  their closure.

19          10. Plaintiffs, on their own and on behalf of all similarly situated Native

20  American children in the Klamath area, seek a declaration that the District's decision to close

21  the middle school grades at Margaret Keating, and to bus reassigned students to Crescent Elk

22  Middle School, violates 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States

23  Constitution; Title VI of the Civil Rights Act of 1964; and California Government Code

24  § 11135; and, based thereon, a preliminary and permanent injunction mandating that the District

25  re-open and maintain the middle school grades at Margaret Keating.

26

27

28

**JURISDICTION**

11. This action for declaratory and injunctive relief arises under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and Cal. Gov. Code, §§ 11135, *et. seq.*

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 23(b)(2) of the Federal Rules of Civil Procedure authorizes the maintenance of this action as a class action.

**VENUE**

13. Venue is proper in this action pursuant to 28 U.S.C. § 1391 because the Defendants reside in the Northern District of California.

**INTRADISTRICT TRANSFER**

14. This civil action arises in Del Norte County and therefore is to be assigned to the San Francisco Division or the Oakland Division of this Court pursuant to Civil L.R. 3-2(d).

**PLAINTIFFS**

15. Plaintiff Samuel L. Gensaw III is thirteen years old, and is currently enrolled in 7th grade at Castle Rock Charter School. He is a member of the Yurok Tribe and resides in Klamath, California. He appears in this action by and through his mother, Margaret L. Gensaw, who is also his legal guardian. Plaintiff Samuel F.Gensaw III has been and is unable to attend Margaret Keating because of the District's decision to close Margaret Keating's middle school grades. The closing of the Margaret Keating middle school grades has caused and continues to cause Plaintiff Samuel L. Gensaw III harm as described above, at Paragraph 8. As described below in Paragraph 62, he was assigned to Crescent Elk Middle School in the wake of the closing of the Margaret Keating middle school grades in 2005 and, due to mistreatment he experienced at Crescent Elk, was compelled to withdraw.

16. Plaintiff William Ulmer-Gensaw is twelve years old, and is currently enrolled in 7th grade at the Orick School. He is a member of the Yurok Tribe and resides in Klamath, California. He appears in this action by and through his father, Curtis F. Gensaw, who is also his legal guardian. Plaintiff William Ulmer-Gensaw is unable to attend Margaret Keating because of the District's decision to close Margaret Keating's middle school grades. The closing of the Margaret Keating middle school grades has caused and continues to cause Plaintiff William Ulmer-Gensaw harm as described above, at Paragraph 8.

17. Plaintiff Angelica Ulmer is thirteen years old, and is currently enrolled in 7th grade at the Orick School. She is a member of the Yurok Tribe and resides in Klamath, California. She appears in this action by and through Curtis F. Gensaw, who is her legal guardian. Plaintiff Angelica Ulmer is unable to attend Margaret Keating because of the District's decision to close Margaret Keating's middle school grades. The closing of the Margaret Keating middle school has caused and continues to cause Plaintiff Angelica Ulmer harm as described above, at Paragraph 8.

18. Plaintiff Lena-Belle Gensaw is eleven years old, and is currently enrolled in 5th grade at Margaret Keating Elementary School. She is a member of the Yurok Tribe and resides in Klamath, California. She appears in this action by and through her mother, Margaret L. Gensaw, who is also her legal guardian. Plaintiff Lena-Belle Gensaw would, but for the District's decision to close Margaret Keating's middle school grades, continue to be enrolled at Margaret Keating for grades six, seven and eight, beginning this fall. Plaintiff Lena-Belle Gensaw will be unable to attend Margaret Keating for those grades because of the District's decision to close them. The closing of the Margaret Keating middle school grades threatens Plaintiff Lena-Belle Gensaw with harm as described above, at Paragraphs 8 and 9.

19. Plaintiff Jon-Luke Gensaw is nine years old, and is currently enrolled in 4th grade at Margaret Keating Elementary School. He is a member of the Yurok Tribe and resides in Klamath, California. He appears in this action by and through his mother, Margaret L. Gensaw, who is also his legal guardian. Plaintiff Jon-Luke Gensaw would, but for the District's decision to close Margaret Keating's middle school grades, continue to be enrolled at Margaret

1  Keating for grades six, seven and eight, beginning next fall. Plaintiff Jon-Luke Gensaw will be

2  unable to attend Margaret Keating for those grades because of the District's decision to close

3  thems. The closing of the Margaret Keating middle school grades threatens Plaintiff Jon-Luke

4  Gensaw with harm as described above, at Paragraphs 8 and 9.

5         20. Plaintiff Charles Ulmer-Gensaw is nine years old, and is currently enrolled

6  in 3rd grade at Margaret Keating Elementary School. He is a member of the Yurok Tribe and

7  resides in Klamath, California. He appears in this action by and through his father, Curtis F.

8  Gensaw, who is also his legal guardian. Plaintiff Charles Ulmer-Gensaw would, but for the

9  District's decision to close Margaret Keating's middle school grades, continue to be enrolled at

10  Margaret Keating for grades six, seven and eight. Plaintiff Charles Ulmer-Gensaw will be

11  unable to attend Margaret Keating for those grades because of the District's decision to close

12  them. The closing of the Margaret Keating middle school grades threatens Plaintiff Charles

13  Ulmer-Gensaw with harm as described above, at Paragraphs 8 and 9.

14         21. Plaintiff Peter R. Gensaw is seven years old, and is currently enrolled in 2nd

15  grade at Margaret Keating Elementary School. He is a member of the Yurok Tribe and resides

16  in Klamath, California. He appears in this action by and through his mother, Margaret L.

17  Gensaw, who is also his legal guardian. Plaintiff Peter R. Gensaw would, but for the District's

18  decision to close Margaret Keating's middle school grades, continue to be enrolled at Margaret

19  Keating for grades six, seven and eight. Plaintiff Peter R. Gensaw will be unable to attend

20  Margaret Keating for those grades because of the District's decision to close them. The closing

21  of the Margaret Keating middle school grades threatens Plaintiff Peter R. Gensaw with harm as

22  described above, at Paragraphs 8 and 9.

23         22. Plaintiff Teresita Ulmer-Gensaw is five years old, and is currently enrolled in

24  kindergarten at Margaret Keating Elementary School. She is a member of the Yurok Tribe and

25  resides in Klamath, California. She appears in this action by and through Curtis F. Gensaw,

26  who is her legal guardian. Plaintiff Teresita Ulmer-Gensaw would, but for the District's

27  decision to close Margaret Keating's middle school grades, continue to be enrolled at Margaret

28  Keating for grades six, seven and eight. Plaintiff Teresita Ulmer-Gensaw is unable to attend

Margaret Keating for those grades because of the District's decision to close them. The closing of the Margaret Keating middle school grades threatens Plaintiff Teresita Ulmer-Gensaw with harm as described above, at Paragraphs 8 and 9.

23. Plaintiff Isaiah Parsley is two years old. He is a Native American and lives in Klamath, California. He appears in this action by and through Ruby Grubbs, who is his foster parent and is petitioning to be his guardian *ad litem*. Plaintiff Isaiah Parsley would, but for the District's decision to close Margaret Keating's middle school grades, be able to enroll at Margaret Keating for grades six, seven and eight. Plaintiff Isaiah Parsley will be unable to attend Margaret Keating for those grades because of the District's decision to close them. The closing of the Margaret Keating middle school grades threatens Plaintiff Isaiah Parsley with harm as described above, at Paragraphs 8 and 9.

24. Plaintiff Cherrisa Parsley is eight months old. She is a Native American and lives in Klamath, California. She appears in this action by and through Ruby Grubbs, who is her foster parent and is petitioning to be her guardian *ad litem*. Plaintiff Cherrisa Parsley would, but for the District's decision to close Margaret Keating's middle school grades, be able to enroll at Margaret Keating for grades six, seven and eight. Plaintiff Cherrisa Parsley is unable to attend Margaret Keating for those grades because of the District's decision to close them. The closing of the Margaret Keating middle school grades threatens Plaintiff Cherrisa Parsley with harm as described above, at Paragraphs 8 and 9.

## DEFENDANTS

25. Defendant Del Norte County Unified School District is a properly incorporated school district in Del Norte County, California.

26. Defendant Jan Moorehouse is the Superintendent of the Del Norte County Unified School District. As Superintendent, she has overall responsibility for the District's administration. She is sued in her official capacity.

27. The District is governed by the Board of the Del Norte County Unified School District ("School Board"), which has legal responsibility for setting policy for the

1    District, and for establishing general policies governing the operation of the schools in the

2    District. The School Board is legally and solely responsible for deciding whether to continue or

3    cease to operate schools within the District.

4         28. Defendant Robert Berkowitz is and at all relevant times was a member of the

5    School Board. He is sued in his official capacity.

6         29. Defendant Thomas Cochran is and at all relevant times was a member of the

7    School Board. He is sued in his official capacity.

8         30. Defendant Faith Crist is and at all relevant times was a member of the School

9    Board. She is sued in her official capacity.

10        31. Defendant William Maffett is and at all relevant times was a member of the

11   School Board. He is sued in his official capacity.

12        32. Defendant William Parker is and at all relevant times was a member of the

13   School Board. He is sued in his official capacity.

14        33. For all purposes relevant to this Complaint, Defendants have acted and

15   continue to act under color of state law.

16

17                          **CLASS ACTION ALLEGATIONS**

18        34. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), Plaintiffs bring

19   this action on behalf of themselves and all other similarly situated individuals. Plaintiffs ask the

20   Court to certify as a class all Native American children living in Del Norte County who would

21   attend grades six, seven and/or eight at Margaret Keating Elementary School in the 2007-2008

22   and subsequent academic years but for Defendants' closure of those grades ("Plaintiff Class").

23        35. This action satisfies all four requirements of Rule 23(a), and is properly

24   maintained as a class action pursuant to Rule 23(b)(2):

25        (a) *Numerosity*: Joinder of all class members is impracticable because of the

26   size of the class and the fact that the class includes some members who cannot be identified with

27   any degree of specificity. On information and belief, approximately 35 Native American

28   children currently enrolled as students in grades six and seven at other schools would be eligible

1    to attend seventh and eighth grade classes at Margaret Keating middle school if the school were

2    re-opened for the 2007-2008 academic year; approximately 51 other Native American children

3    currently attend grades K though five at Margaret Keating, and would continue to attend middle

4    school at Margaret Keating were grades six through eight re-opened; and numerous pre-school-

5    age Native American children would enroll as middle school students at Margaret Keating in the

6    future if the school were once again made available to them.  The identity of some of those

7    Native American students who would attend middle school at Margaret Keating in the future if

8    grades six through eight were re-opened cannot be precisely determined;

9              (b) *Commonality*:  There are questions of law and fact common to all members

10    of the class including, but not limited to, whether the District's decision to close grades six

11    through eight Margaret Keating and bus its middle school students to Crescent Elk Middle

12    School had and continues to have a disproportionate impact on Native Americans, and whether

13    the District's decision was motivated by racially discriminatory purpose and intent;

14              (c) *Typicality*:  The claims of the representative Plaintiffs are typical of those of

15    the class.  Each Plaintiff named herein, like each Plaintiff Class member, either currently is

16    deprived of the opportunity to attend one or more of the middle school grades at Margaret

17    Keating and is compelled to attend other, distant schools, or is under  threat of suffering such

18    consequences if the Margaret Keating middle school grades are not re-opened.  The harm

19    suffered or to be suffered by the named Plaintiffs is the same harm suffered or to be suffered by

20    the class members, in that all Native American children who would have attended middle school

21    at Margaret Keating but for the closure are experiencing (or will experience) lengthy commutes,

22    decreased time in which to engage in study and in extra-curricular and family-related activities,

23    more exposure to an environment hostile to their race and heritage, racial harassment and

24    racially disparate discipline at other schools, less exposure to tribal culture and education, and

25    less opportunity to have their Native American parents participate in school and Native

26    American cultural activities;

27              (d) *Adequacy*:  The class representatives and class counsel will fairly and

28    adequately represent the interests of the class.  Neither the class representatives nor class

1   counsel have any interests in this matter that are antagonistic to other class members. Class

2   counsel have many years of experience in civil rights and class action litigation, have

3   investigated extensively the District and its school closure decision, and have the financial

4   resources to zealously represent the class; and

5          (e) *Declaratory and Injunctive Relief*: The District has acted and refused to act

6   on grounds generally applicable to the class as a whole, making appropriate final declaratory

7   and corresponding injunctive relief with respect to the class as a whole pursuant to Rule

8   23(b)(2).

9                        **ALLEGATIONS PERTAINING TO DEFENDANTS**

10         36. The Del Norte County Unified School District has, at all relevant times,

11  received and continues to receive significant funding each year from a variety of federal

12  programs, including but not limited to funding authorized by the Johnson-O'Malley Act, and

13  Plaintiffs are intended beneficiaries of those funds.

14         37. In deciding to close the Margaret Keating middle school grades, and to

15  reassign and bus students enrolled at Margaret Keating to another, distant school, the School

16  Board intentionally discriminated against Plaintiffs and the members of the Plaintiff Class.

17         38. There is a long history in Del Norte County of discrimination against Native

18  American students based on race and/or national origin, both in and outside the schools. The

19  Board's decision to close Margaret Keating's middle school grades and bus Native American

20  students to a distant school populated mostly by students who are not Native Americans, is an

21  integral part of that historical record of discrimination in Del Norte County.

22         39. Before it was closed, Margaret Keating was the only school that taught sixth,

23  seventh and eighth grade students in the Klamath community, and the only such school on the

24  Yurok Reservation.

25         40. In October 2004, the School Board established three "Blue Ribbon"

26  Committees – a Blue Ribbon Finance Committee, a Blue Ribbon Facilities Committee, and a

27  Blue Ribbon Program Committee. The charge of the Blue Ribbon Finance Committee was to

28  investigate revenue enhancement and expenditure reduction options, and to make

1  recommendations to the Superintendent and to the School Board regarding these matters. The

2  charge of the Blue Ribbon Facilities Committee was to study the current pattern of facility use

3  of the K-8 schools in order to be able to make recommendations that provide the District with

4  cost reductions.

5    41. There were and are no Native Americans on the School Board; no Native

6  Americans on the Blue Ribbon Finance Committee; and no Native Americans on the Blue

7  Ribbon Facilities Committee.

8    42. In February 2005, the Blue Ribbon Finance Committee made its report to the

9  School Board and, with regard to possible school closures, said, "At this time the Committee is

10  deferring to the [Blue Ribbon] Facilities Committee, noting that the average savings of

11  $250,000 to $350,000 per elementary school closed (based on the costs of one administrator,

12  one secretary, one custodian, utilities and maintenance) may be partially offset by increased

13  transportation costs and negative impact on the community. The Finance Committee will

14  investigate this issue further if requested to do so."

15    43. In February 2005, the Blue Ribbon Facilities Committee made its report to

16  the School Board and, with regard to possible school closures, concluded that the largest savings

17  would be realized by closing an in-town (*i.e.*, Crescent City) school, and recommended that the

18  Board consider closing Pine Grove School. The Committee also recommended that the School

19  Board consider changing Mountain Elementary School – a school with a predominantly white

20  student population – to a kindergarten through fifth grade school, noting that the District was

21  already busing nearby children to Crescent City, and so would be able to transport Mountain

22  School students in grades six through eight into town without any additional expense. A third

23  cost-saving alternative identified by the Committee was to bus students in grades six through

24  eight at Margaret Keating to Crescent Elk Middle School but, the report noted, unlike Mountain

25  Elementary, busing students at Margaret Keating to Crescent Elk would require additional

26  expense, making this third alternative the least effective cost-saving measure identified in the

27  report.

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE    13
RELIEF (RACIAL DISCRIMINATION)

1      44. The School Board held meetings with parents of the children enrolled in the

2  three schools identified by the Blue Ribbon Facilities Committee for possible closure, one

3  school at a time.  The first meeting was with Pine Grove Elementary School parents.  The

4  School Board announced at or shortly after that meeting that it had decided not to close Pine

5  Grove Elementary School.  The School Board then met with Mountain Elementary School

6  parents.  The School Board announced at or shortly after that meeting that it had decided not to

7  close the middle school grades at Mountain Elementary.  By rejecting the Blue Ribbon

8  Committee's recommendations regarding Pine Grove and Mountain Elementary Schools before

9  meeting with the parents of Margaret Keating students to hear and consider their concerns, the

10  School Board left the District with no available cost-savings option other than closure of grades

11  six through eight at Margaret Keating.

12      45. The School Board at first did not schedule a meeting with the parents of

13  Margaret Keating to discuss the possible closure of grades six through eight.  Rather, the School

14  Board raised the subject of school closure during a meeting convened for a different purpose,

15  without announcing or otherwise notifying parents that possible school closure would be a

16  subject of the meeting.  Thus, Margaret Keating parents were not given any informed

17  opportunity to attend the School Board meeting at which possible school closure was discussed,

18  and those parents who were in attendance were caught by surprise and unprepared for a

19  discussion of possible school closure.

20      46. Contrary to normal practice, the School Board kept no minutes or other

21  official written record of the meetings with parents during which discussions of possible school

22  closures took place.

23      47. The Native American community, as well as the general Klamath

24  community, overwhelmingly opposed closure of the Margaret Keating middle school grades.

25  On several occasions after the meeting described above at Paragraph 45, and before the meeting

26  described below at Paragraph 48, members of the Klamath community expressed their concerns

27  to the School Board about the possible closure of the middle school at Margaret Keating,

28  including but not limited to the negative effect on Margaret Keating's role as a Native American

1  cultural center, the long bus rides each child would be forced to endure twice each day, the

2  consequent loss of important time needed to study and to participate in tribal activities and

3  events, and the obstacles that would face parents, many of whom did not have cars and none of

4  whom had unlimited time, preventing them from getting to their children's' new, far-away

5  school to participate in school activities, including but not limited to activities that would serve

6  to educate students in matters of Native American history, culture and tradition.

7      48. On June 9, 2005, the School Board formally decided to close grades six

8  through eight at Margaret Keating, and to reassign and bus students in those grades to Crescent

9  Elk Middle School, effective in the fall of the 2005-2006 academic school year. During the

10  June 9 meeting at which this decision was made, there was no discussion of or any action taken

11  on any of the other cost-saving options recommended by the Blue Ribbon Committees in

12  February 2005.

13      49. In making the decision to close grades six through eight at Margaret Keating,

14  the School Board selected from among the options put forward by the Blue Ribbon Committees

15  the one that would (1) have the most disparate and adverse impact on Native American children

16  and (2) save the least amount of money.

17      50. In the months prior to the June 9, 2005, meeting, the School Board did not

18  document or otherwise make any record of any discussions of or explanations for the Board's

19  decision to close grades six through eight at Margaret Keating, and to reassign and bus students

20  in those grades to Crescent Elk Middle School, but not to implement the other Blue Ribbon

21  Committee recommendations. There was no recorded discussion of this question in the minutes

22  of any School Board meeting between the time the Blue Ribbon Committees made their

23  recommendations and the June 9, 2005, School Board meeting. There was no recorded

24  discussion of the other Blue Ribbon Committee recommendations during the June 9, 2005,

25  School Board meeting.

26      51. In subsequent School Board meetings, before the decision to close Margaret

27  Keating's grades six through eight and reassign and bus students in those grades to Crescent Elk

28  Middle School became effective and was implemented in September 2005, members of the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE    15
RELIEF (RACIAL DISCRIMINATION)

1    Klamath community representing both parents and students spoke out strongly against the

2    announced closure, reassignment and busing. Among other things, the Vice Chairman of the

3    Yurok Tribe presented the Board with a Resolution passed by the Yurok Tribal Council urging

4    the School Board to keep grades six through eight at Margaret Keating open, a parent presented

5    the Board with a petition signed by more than 100 Klamath community members asking that the

6    Board reconsider and reverse its decision to eliminate grades six through eight at Margaret

7    Keating, and the Board was presented with a notice of formal complaint by Klamath community

8    parents protesting the decision to close Margaret Keating middle school as discriminatory

9    against Native Americans and racially motivated. No one spoke in support of the decision to

10   close Margaret Keating's middle school grades.

11       52. The School Board did not act on the Blue Ribbon Finance Committee's

12   observation that financial savings resulting from a school closure "may be partially offset by

13   increased transportation costs and negative impact on the community," nor did it act on that

14   Committee's offer to "investigate this issue further if requested to do so." Predictably, faced

15   with the prospect of their children being required to spend hours every day on a bus, and the rest

16   of their day in a school that parents reasonably believe is non-supportive of and hostile to Native

17   American culture and fosters racial harassment and discrimination on the part of students and

18   teachers, the parents of at least nine Margaret Keating middle school students responded to the

19   Margaret Keating closure by enrolling their children in schools outside the District, resulting in

20   a loss to the District of $45,000 or more in funding, nearly eliminating the $60,000 in cost-

21   savings that had been projected by the School Board.

22       53. The United States Department of Education Office for Civil Rights ("OCR")

23   investigated the  School District's decision to close Margaret Keating's middle school grades,

24   and to reassign and bus Native American children who had been attending Margaret Keating to

25   Crescent Elk Middle School in Crescent City. The OCR concluded that the Board discriminated

26   against the Margaret Keating Native American students on the basis of race in violation of Title

27   VI of the Civil Rights Act of 1964. The OCR found that the evidence established that the

28   Native American students were treated differently than students of other races/national origins

1  under similar circumstances, and that the District was unable to provide legitimate,

2  nondiscriminatory educational and/or operational reasons for doing so.  The OCR noted that the

3  Board had not documented any such reasons prior to or at the time it made it decision to close

4  grades at Margaret Keating, the Board's decision was inconsistent with the recommendations

5  made by the Blue Ribbon Committee, and the reasons provided by the Board after the fact

6  "were not factually supported by the evidence."  The OCR concluded that the Board failed to

7  provide "sufficient evidence to establish that the decision was made for reasons other than

8  national origin.  Therefore, OCR found that the District did not comply with Title VI."

9      54. The District's decision to close Margaret Keating's middle school grades, and

10  its reassigning Native American children displaced by that decision and busing them to Crescent

11  Elk Middle School in Crescent City, was motivated by a racially discriminatory intent and

12  purpose.

13  **ALLEGATIONS PERTAINING TO INDIVIDUALLY NAMED PLAINTIFFS**

14      55. The Board's decision to close Margaret Keating's middle schools and bus the

15  displaced students to Crescent Elk Middle School had a racially disproportionate adverse impact

16  on Native American students.

17      56. The student population of Margaret Keating  has been and continues to be

18  approximately 67% Native American.  By contrast, at no other elementary school in the District

19  do Native American students make up more than 23% of the student body.  Overall, Native

20  Americans make up approximately 15% of the students in the District.

21      57. In the wake of a national history of displacing Native Americans and

22  affirmatively attacking their societies, culture and traditions by, among other things, sending

23  young Native American students off, away from their families and tribes, to white boarding

24  schools in an effort to assimilate those children into "mainstream" society and thus strip them of

25  their Native American heritage and identity, the United States Congress has recognized that "the

26  status of the cultures and the languages of Native Americans is unique and the United States has

27  the responsibility to act together with Native Americans to ensure the survival of these unique

28  cultures and languages; special status is accorded Native Americans in the United States, a

1    status that recognizes distinct cultural and political rights, including the right to continue

2    separate identities ....” Native American Languages Act, 25 U.S.C. § 2901 (findings).

3        58.  It is generally recognized that Native American students face particular

4    challenges in the public school system.  “[T]heir civil rights and cultural identities are often at

5    risk in the educational environment.  Research shows that Native American students experience

6    difficulty maintaining rapport with teachers and establishing relationships with other students;

7    feelings of isolation; racist threats; and frequent suspension ....  These circumstances arise in

8    environments that do not uphold the education rights of Native American students or recognize

9    their cultural backgrounds ....  Conversely, students are more likely to thrive in environments

10   that support their cultural identities ....  The importance of such environments cannot be

11   overstated.” U.S. Comm’n on Civil Rights, “A Quiet Crisis: Federal Funding and Unmet Needs

12   in Indian Country” at 84-85.

13       59. Middle school is a particularly critical time for the formation of tribal

14   identity.  Children of middle school age are for the first time able to learn physical, language

15   and other skills important to their development as members of the tribe.  They are at an age

16   when, approaching adulthood, they are better able to grasp, absorb and retain the significance

17   and the identifying importance of their Native American history and culture.  The closure of

18   Margaret Keating’s middle school grades and the consequent dissipation of the Native

19   American middle school student community severely diminishes these students’ abilities to be

20   full and active members of their tribe.

21       60. No other school in the District has facilities or a faculty similarly equipped

22   for Native American education.  Margaret Keating has a model Yurok village, two traditionally

23   built canoes, and provides instruction in skills such as basket-weaving and net-making.

24   Margaret Keating also had a certified Yurok language class.  Prior to the closure, children came

25   to Margaret Keating from around the District to learn about Yurok culture, and sixth grade

26   students at Margaret Keating served as tour guides.  Crescent Elk Middle School does not offer

27   such Native American historical and cultural activities and assets.

28

61. Native American children and parents at Crescent Elk have been the targets of racial hostility from students, teachers, and school administrators, by way of racial harassments and insults, as well as disparate discipline measures of various kinds.

62. For example, Plaintiff Samuel L. Gensaw III was punished so many times by his Crescent Elk teacher, he was permitted to participate in recess just once in seven months. His mother was compelled to remove him from the school.

63. Native American children reassigned from Margaret Keating to Crescent Elk have seen their grades fall precipitously. Some children have seen their grades drop from As to Ds. One math teacher at Crescent Elk Middle School failed all the Native American students in the class, even those who had done well before coming to Crescent Elk.

## COUNT ONE: FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

64. Paragraphs 1 through 63, inclusive, are incorporated herein by reference as though fully set forth and pleaded in full at this place.

65. Defendants' decision to close the middle school grades at Margaret Keating, and their reassigning the students displaced by that decision and busing them to Crescent Elk Middle School in Crescent City, California, violated, continues to violate, and threatens to violate rights guaranteed to Plaintiffs and to the Plaintiff Class by 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which prohibits discrimination against individuals on the basis of race or national origin.

66. An actual and substantial controversy exists between Plaintiffs and the Plaintiff Class, on one hand, and the Defendants, on the other, as to their respective legal rights and duties. Plaintiffs and the Plaintiff Class contend as alleged above at paragraph 65, while, on information and belief, Defendants deny Plaintiffs' contentions.

67. If not enjoined by the Court, Defendants will keep the six through eight grades at Margaret Keating closed, and continue to bus students displaced by the closure to Crescent Elk Middle School in Crescent City, California, in derogation of the rights of Plaintiffs

1  and the Plaintiff Class, resulting in irreparable injury. Plaintiffs and the Plaintiff Class have no

2  plain, speedy and adequate remedy at law.

3

4                          **COUNT TWO: TITLE VI CLAIM**

5           68. Paragraphs 1 through 63, inclusive, are incorporated herein by reference as

6  though fully set forth and pleaded in full at this place.

7           69. Defendants' decision to close the middle school grades at Margaret Keating,

8  and their reassigning the students displaced by that decision and busing them to Crescent Elk

9  Middle School in Crescent City, California, violated, continues to violate, and threatens to

10  violate rights guaranteed to Plaintiffs and to the Plaintiff Class by Title VI of the Civil Rights

11  Act of 1964, 42 U.S.C. § 2000d, which prohibits recipients of federal funding from

12  discriminating against individuals on the basis of race or national origin.

13          70. An actual and substantial controversy exists between Plaintiffs and the

14  Plaintiff Class, on one hand, and the Defendants, on the other, as to their respective legal rights

15  and duties. Plaintiffs and the Plaintiff Class contend as alleged above at paragraph 69, while, on

16  information and belief, Defendants deny Plaintiffs' contentions.

17          71. If not enjoined by the Court, Defendants will keep the six through eight

18  grades at Margaret Keating closed, and continue to bus students displaced by the closure to

19  Crescent Elk Middle School in Crescent City, California, in derogation of the rights of Plaintiffs

20  and the Plaintiff Class, resulting in irreparable injury. Plaintiffs and the Plaintiff Class have no

21  plain, speedy and adequate remedy at law.

22

23          **COUNT THREE: CAL. GOV. CODE SECTION 11135 CLAIM**

24          72. Paragraphs 1 through 63, inclusive, are incorporated herein by reference as

25  though fully set forth and pleaded in full at this place.

26          73. Defendants' decision to close the middle school grades at Margaret Keating,

27  and their reassigning the students displaced by that decision and busing them to Crescent Elk

28  Middle School in Crescent City, California, violates, continues to violate, and threatens to

1    violate rights guaranteed to Plaintiffs and to the Plaintiff Class by California Government Code

2    § 11135, which prohibits discrimination against individuals on the basis of race or national

3    origin in or under any program or activity conducted, operated or administered by the state or

4    any state agency.

5            74. An actual and substantial controversy exists between Plaintiffs and the

6    Plaintiff Class, on one hand, and the Defendants, on the other, as to their respective legal rights

7    and duties.  Plaintiffs and the Plaintiff Class contend as alleged above at paragraph 73, while, on

8    information and belief, Defendants deny Plaintiffs' contentions.

9            75. If not enjoined by the Court, Defendants will keep the six through eight

10   grades at Margaret Keating closed, and continue to bus students displaced by the closure to

11   Crescent Elk Middle School in Crescent City, California, in derogation of the rights of Plaintiffs

12   and the Plaintiff Class, resulting in irreparable injury.  Plaintiffs and the Plaintiff Class have no

13   plain, speedy and adequate remedy at law.

14

15                              **PRAYER FOR RELIEF**

16           WHEREFORE, Plaintiffs, on their own behalf and on behalf of all members of

17   the Plaintiff Class, respectfully request that the Court:

18           1.  Assume jurisdiction over this matter;

19           2.  Certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2);

20           3.  Issue a declaratory judgment that Defendants' decision to close the middle

21   school grades at Margaret Keating, and their reassigning the students displaced by that decision

22   and busing them to Crescent Elk Middle School in Crescent City, California, violated, continues

23   to violate, and threatens to violate rights guaranteed to Plaintiffs and to the Plaintiff Class by:

24           (a) 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth

25   Amendment to the United States Constitution;

26           (b) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and

27           (c) California Government Code § 11135;

28

4.  Issue a preliminary and permanent injunction ordering Defendants to re-open grades six through eight at Margaret Keating Elementary School, staffed with qualified teachers assigned to teach each grade the full curricula appropriate to that grade and supporting activities that teach and foster Native American languages, history and culture, and permit any and all Native American children living in Klamath and eligible for those grades who wish to do so to attend the middle school grades at Margaret Keating.

5.  Award the individual Plaintiffs and the Plaintiff Class their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other statutes as may be applicable; and

6.  Grant any other relief the Court deems just or proper.


Respectfully submitted,


DATED:   June 8, 2007                    AMERICAN CIVIL LIBERTIES UNION
                                         FOUNDATION OF NORTHERN CALIFORNIA


                                         By:   _Jory C. Steele_
                                                Jory C. Steele


DATED:   June 8, 2007                    COVINGTON & BURLING LLP

                                         By:   _Donald W. Brown_
                                                Donald W. Brown

                                         Attorneys for  Plaintiffs


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any issue triable of right by a jury.


DATED:  June 8, 2007          By:   _Donald W. Brown_

                                     Donald W. Brown