1  JORY C. STEELE, SBN 206944
   ALAN L. SCHLOSSER, SBN 49957
2  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
      OF NORTHERN CALIFORNIA, INC.
3  39 Drumm Street
   San Francisco, CA  94111
4
   Telephone:  (415) 621-2493
5  Facsimile:  (415) 255-1478
   jsteele@aclunc.org
6
   DONALD W. BROWN, SBN 83347
7  STEPHEN E. GEORGE, SBN 244512
   COVINGTON & BURLING LLP
8  One Front Street
   San Francisco, CA  94111
9
   Telephone: (415) 591-6000
10 Facsimile: (415) 591-6091
   sgeorge@cov.com
11
   Attorneys for Plaintiffs
12

13              UNITED STATES DISTRICT COURT
14        FOR THE NORTHERN DISTRICT OF CALIFORNIA
15

16 SAMUEL L. GENSAW III, ET AL.          Civil Case No.: C 07 3009

17      Plaintiffs,
                                         **PLAINTIFFS' CASE**
18      v.                               **MANAGEMENT CONFERENCE**
                                         **STATEMENT**
19 DEL NORTE COUNTY UNIFIED
   SCHOOL DISTRICT, ET AL.
20                                       Hon. Wayne D. Brazil
        Defendants.
21

22          The plaintiffs in the above-entitled action submit this Case Management

23 Statement to the Court.

24      **1.      Jurisdiction and Service**

25          Plaintiffs assert that this Court has jurisdiction over all of the plaintiffs' claims

26 pursuant to 28 U.S.C. §§ 1331, 1343.  This action for declaratory and injunctive relief arises

27 under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, Title VI

28 of  the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and Cal. Gov. Code, §§ 11135, *et.*

1    *seq.* Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of

2    the parties and to grant all further relief deemed necessary and proper. Rule 23(b)(2) of the

3    Federal Rules of Civil Procedure authorizes the maintenance of this action as a class action.

4    Plaintiffs are not aware of any issue regarding personal jurisdiction or venue. Venue is proper

5    in this action pursuant to 28 U.S.C. § 1391 because the defendants reside in the Northern

6    District of California.

7          Plaintiffs have not yet formally served the Complaint on the defendants, but will

8    do so on or before the October 9, 2007 deadline for filing proof of service of process with the

9    Court. Plaintiffs have provided a courtesy copy of the Complaint to counsel for defendants.

10   Plaintiffs have refrained from serving the Complaint to allow time for (1) the defendant School

11   District to respond to and produce documents requested by the ACLU pursuant to the Public

12   Records Act; (2) plaintiffs' counsel to review and analyze the voluminous documents produced

13   by the School District; and (3) meetings with the School District in an effort to resolve this case

14   informally. At this time, the requested documents have been produced, plaintiffs are far along

15   in their review and analysis of the documents, and the School District has agreed to meet with

16   plaintiffs during the first part of October to discuss possible settlement.

17      **2.**   **Facts**

18          This is a class action seeking declaratory and injunctive relief arising out of

19   plaintiffs' challenge, on behalf of themselves and a class of similarly situated others, to the June

20   9, 2005, decision by the Del Norte County Unified School District ("the District") to close the

21   middle school grades (six through eight) of Margaret Keating Elementary School ("Margaret

22   Keating") in Klamath, California, and the reassignment and busing of Margaret Keating middle

23   school students to Crescent Elk Middle School in Crescent City, California, beginning in

24   September 2005.

25          In the 2004-2005 school year, approximately 67% of the students enrolled at

26   Margaret Keating were Native Americans. Margaret Keating was, for middle school students

27   and others, a center of Native American cultural heritage, important to the preservation of the

28   traditions, values, and customs of the Yurok tribe. No other school in the District has facilities

1  or a faculty similarly equipped and providing for such instruction in and awareness and

2  preservation of Native American culture, history, and pride.

3        In October 2004, the School Board established a "Blue Ribbon" Committee

4  charged with investigating expenditure reduction options concerning the current pattern of

5  facility use of the District's K-8 schools and making recommendations to the Superintendent

6  and to the School Board regarding these matters.  In February 2005, the Blue Ribbon Committee

7  made its report to the School Board, concluding that the largest savings would be realized by

8  closing an in-town school and recommending that the Board consider closing Pine Grove

9  School.

10        On June 9, 2005, the District decided to close out-of-town Margaret Keating's

11  middle school grades and to reassign the students in those grades to Crescent Elk Middle

12  School, more than twenty miles and a winding 1 1/2 hour or more bus ride away.  The District

13  justified its decision as an attempt to maximize cost reduction.

14        The closing of Margaret Keating's middle school grades and the resultant busing

15  of students to Crescent Elk Middle School has lengthened considerably the school day of many

16  middle school students and has precluded many Native American students from the opportunity

17  to participate in cultural education and activities during and after the school day.  Margaret

18  Keating's middle school grades remain closed.

19        Because the defendants have not yet filed an answer to plaintiffs' complaint,

20  plaintiffs are unsure which factual allegations will be in dispute. Plaintiffs expect that the

21  defendants will contest the extent to which Native Americans were given input into the decision

22  to close Margaret Keating's middle school grades, the extent to which this decision was

23  motivated by racial discrimination, and the extent to which this decision has injured Native

24  American students.

25  **3.     Legal Issues**

26        Because the defendants have not yet filed an answer to plaintiffs' complaint,

27  plaintiffs are unsure which legal issues will be in dispute.  Plaintiffs expect that the defendants

28  will dispute whether the District's decision to close Margaret Keating's middle school grades

and to require that those students be bused to Crescent Elk Middle School had and continues to
have a disproportionate impact on Native Americans; whether this decision was motivated by a
racially discriminatory purpose and intent; whether this decision caused and continues to cause
substantial harm to the affected Native American students; and whether this decision therefore
violates 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution;
Title VI of the Civil Rights Act of 1964; and/or California Government Code
§ 11135.

**4.    Motions**

No motions have been filed in this action.  Plaintiffs do not anticipate filing any
motions in the near future.  Ultimately, if settlement negotiations are unsuccessful, plaintiffs
will file a motion for class certification.

**5.    Amendment of Pleadings**

Plaintiffs will amend the complaint in order to dismiss from the action plaintiffs
Isaiah Parsley, Chelsea Parsley and Ruby Grubbs, because Ms. Grubbs is no longer the
Parsleys' guardian *ad litem*.  Plaintiffs will refrain from proposing a deadline for so amending
the complaint until conferring with the defendants on this matter.

**6.    Evidence Preservation**

Plaintiffs do not have custody of any documents relevant to the claims in this
action.  Plaintiffs believe that most or all of the documents supporting its claims in this case are
in the custody of the defendants.

**7.    Disclosures**

In an effort to facilitate meaningful settlement negotiations, the parties have
agreed to abstain from discovery-related activities, including making initial disclosures and
setting a discovery plan, unless and until settlement negotiations prove unproductive.  As such,
plaintiffs have not yet made initial disclosures to the defendants.  The parties have agreed to
meet to discuss the possibility of settling this case in early October.  Should the results of this
meeting suggest that further settlement negotiations are unlikely to bear fruit, plaintiffs will

1   commence discovery-related activities, including making initial disclosures and forming a

2   discovery plan.

3       **8.    Discovery**

4           No discovery has been taken to date, and for the reasons stated in the above

5   paragraph, the parties have not yet agreed to a discovery plan.  For their part, plaintiffs expect

6   that the scope of discovery will encompass special interrogatories, requests for admissions,

7   requests for the production of documents, and depositions of individuals and, possibly, one or

8   more experts.

9       **9.    Class Actions**

10          Plaintiffs will refrain from making a proposal concerning how and when the class

11  will be certified until conferring with the defendants on this matter.

12      **10.   Related Cases**

13          To plaintiffs' knowledge, there are no related cases pending before any Judge or

14  Magistrate of this Court or any other court.

15      **11.   Relief**

16          This is a class action seeking declaratory and injunctive relief arising out of

17  plaintiffs' challenge, on behalf of themselves and a class of similarly situated others, to the

18  defendants' decision to close the middle school grades of Margaret Keating Elementary School.

19  Plaintiffs do not seek any damages in this case.

20      **12.   Settlement and ADR**

21          Plaintiffs believe that the prospects for settling this case are good.  As mentioned

22  above, the parties have agreed to a meeting to discuss settlement in early October, and plaintiffs

23  are hopeful that this conference will help resolve the disputes at issue in this action.

24      **13.   Consent to Magistrate Judge For All Purposes**

25          Plaintiffs consent to have a magistrate judge conduct all further proceedings

26  including trial and entry of judgment

27      **14.   Other References**

28

1    Plaintiffs do not believe that this case is suitable for reference to binding

2  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

3    **15.    Narrowing of Issues**

4    At this juncture, plaintiffs do not have any proposals for the narrowing of issues,

5  the expediting of the presentation of evidence at trial, or the bifurcation of issues, claims or

6  defenses.

7    **16.    Expedited Schedule**

8    Plaintiffs do not believe that this action can be handled on an expedited basis

9  with streamlined procedures, especially in light of the facts that settlement negotiations are

10  imminent and this case is a class action.

11    **17.    Scheduling**

12    In view of the parties' good faith attempt to settle this case, plaintiffs will refrain

13  from proposing a schedule for discovery, motions, or trial – unless and until settlement

14  negotiations prove unproductive.

15    **18.    Trial**

16    Plaintiffs expect that this trial, which will take place before a jury, will be

17  approximately four to six weeks in length.

18    **19.    Disclosure of Non-party Interested Entities or Persons**

19    Plaintiffs filed their Certification of Interested Entities or Persons with the Court

20  on June 8, 2007, in which they stated that as of that date, other than the named parties and the

21  members of the class identified in the Complaint, there is no such interest to report.  Plaintiffs

22  have no reason to believe that, as of the date of this Case Management Conference Statement,

23  any developments requiring any further disclosures have taken place.

24    **20.    Rescheduling the Initial Case Management Conference**

25    Because the defendants have not yet been served with the Complaint, discovery

26  has not yet begun, and the parties have agreed to a meeting to discuss possible settlement to take

27  place in early October of 2007, plaintiffs respectfully request that the Court reschedule the

28

PLAINTIFFS' CASE MANAGEMENT CONFERENCE          6
STATEMENT

1    initial Case Management Conference to take place approximately ninety (90) days from its

2    currently scheduled date of September 17, 2007.

3

4                                                    Respectfully Submitted,

5

6    DATED:   September 10, 2007          AMERICAN CIVIL LIBERTIES UNION
                                          FOUNDATION OF NORTHERN CALIFORNIA

7

8                                         By:    _____
                                                    Jory C. Steele
9

10

11   DATED:   September 10, 2007          COVINGTON & BURLING LLP

12                                        By:    _____
                                                    Donald W. Brown
13

14                                               Attorneys for  Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28