1  John M. Vrieze, CSB #115397
   William F. Mitchell, CSB #159831
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA 95502
   Tel: (707) 443-5643
5  Fax: (707) 444-9586

6  Attorneys for Defendants

7

8              UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  SAMUEL L. GENSAW III, et al.,          CASE NO.: C-07-3009-TEH

11          Plaintiffs,              **NOTICE OF MOTION AND MOTION
                                     TO DISMISS COMPLAINT**
12  vs.

13  DEL NORTE COUNTY UNIFIED          DATE:  January 8, 2008
    SCHOOL DISTRICT, et al.,          TIME:   10:00 a.m.
14                                    CTRM:  12, 19th Floor
                                      Honorable Thelton E. Henderson
15          Defendants.

16

17

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

# **TABLE OF CONTENTS**

2

3 NOTICE .................................................................................................................1

4 MEMORANDUM OF POINTS AND AUTHORITIES ......................................2

5 I.    INTRODUCTION & SUMMARY .................................................................2

6 II.   FACTUAL ALLEGATIONS ..........................................................................3

7 III.  THE PARTIES.................................................................................................7

8 IV.   THE CAUSES OF ACTION ..........................................................................8

9 V.    ANALYSIS .....................................................................................................8

10        A.    Motion To Dismiss Standards .................................................................8

11        B.    The Relief Requested Is Patently Unconstitutional .......................................9

12        C.    The Complaint Does Not State Sufficient Facts To Support A Claim
               For Violation Of Equal Protection.................................................................12

13        D.    Plaintiffs' §1983 Claim Is Barred By Title VI ...........................................15

14        E.    The §1983 Claim Is Also Barred By The Eleventh Amendment ................17

15        F.    The Individual Defendants Should Be Dismissed From Plaintiffs' Title
16             VI Claim ..............................................................................................................19

17        G.    The State Law Claim Is Barred By The Eleventh Amendment .................20

18 VI.   CONCLUSION................................................................................................21

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

i

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

## TABLE OF AUTHORITIES

2

Federal Cases

*Adarand Construction, Inc. v. Pena,* 515 U.S. 200 (1995)..................................10

*AETNA Life Insurance Co. v. Alla Medical Services, Inc.,* 855 F.2d 1470
(9th Cir. 1998).....................................................................................8

*Alexander v. Sandoval,* 532 U.S. 275 (2001)............................................5, 14

*Alexander v. Underhill,* 416 F.Supp.2d 999 (D.Nev. 2006) .......................16, 17

*Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252 (1977).................14

*Balistreri v. Pacifica Police Department,* 901 F.2d 696 (9th Cir. 1990)......................8, 9

*Bazile v. City of New York,* 215 F.Supp.2d 354 (S.D.N.Y.,2002) .......................19

*Beddal v. State St. Bank and Trust Co.,* 137 F.3d 12 (1st Cir. 1998) .......................5

*Belanger v. Madera Unified School District,* 963 F.2d 248 (9th Cir.1992) .....................18

*Bennett v. Yoshina,* 140 F.3d 1218 (9th Cir.1998).......................................18

*Boulahanis v. Board of Regents,* 198 F.3d 633 (7th Cir.1999)...........................15

*Bradley v. Milliken,* 484 F.2d 215 (6th Cir.1973)........................................12

*Brown v. Board of Education,* 347 U.S. 483 (1954)....................................2, 10, 11

*Buchanan v. City of Bollivar,* 99 F.3d 1352 (6th Cir. 1996)............................. 19

*Camden County Recovery Coalition v. Camden City Bd. of Educ. For Public School
System,* 262 F.Supp.2d 446 (D.N.J.,2003) .........................................20

*Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969 (9th Cir. 2004) .........................20

*City of Rancho Palos Verdes, Cal. v. Abrams,* 544 U.S. 113 (2005) ..................16, 17

*City of Richmond v. Croson,* 488 U.S. 469 (1989) ......................................11

*Coeur d'Alene Tribe of Idaho,* 521 U.S. 261 (1997)......................................18

*Coller v. Missouri, Dep't of Econ. Dev.,* 965 F.Supp. 1270 (W.D.Mo.1997) ...............20

*Conley v. Gibson,* 355 U.S. 421 (1957) ................................................9

*Cudjoe v. Independent Sch. Dist.,* 297 F.3d 1058 (10th Cir. 2002)......................14

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

ii

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  *De La Cruz v. Tormey,* 582 F.2d 45 (9th Cir. 1978)................................................................9

2  *Doe By and Through Doe v. Petaluma City School Dist.,* 54 F.3d 1447 (9th Cir. 1995)....5

3  *Durning v. First Boston Corp.,* 815 F.2d 1265 (9th Cir. 1997)...........................................8

4  *Edelman v. Jordan,* 415 U.S. 651 (1974) ........................................................................18

5  *Epileptic Foundation v. City and County of Maui,* 300 F.Supp.2d 1003

6     (D.Hawai'i, 2003)....................................................................................................19

7  *Fordyce v. City of Seattle,* 55 F.3d 436 (9th Cir.1995)....................................................20

8  *Freeman v. Oakland Unified School Dist.,*179 F.3d 846 (9th Cir. 1999).........................20

9  *Goodman v. President and Trustees of Bowdoin College,* 135 F.Supp.2d 40

10    (D.Me. 2001)............................................................................................................5

11 *Goss v. Lopez,* 419 U.S. 565 (1975) ...............................................................................9

12 *Hans v. Louisiana,* 134 U.S. 1 (1890)............................................................................18

13 *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399 (9th Cir.) .......................................................14

14 *Kentucky v. Graham,* 473 U.S. 159 (1985)......................................................................19

15 *Land v. Midwest Office Tech., Inc.,* 979 F.Supp. 1344 (D.Kan.1997)...............................20

16 *Lechuga v. Crosley,* 228 F.Supp.2d 1150 (D. Ore. 2002) ..........................................14, 15

17 *Lee v. City of Los Angeles,* 250 F.3d 668  (9th Cir. 2001)..............................................13

18 *Metro Broadcasting v. F.C.C.,* 497 U.S. 547 (1990).......................................................11

19 *Milliken v. Bradley,* 418 U.S. 717 (1974) ....................................................................9, 12

20 *Mitchell v. Dupnik,* 75 F.3d 517 (9th Cir.1996)..............................................................19

21 *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984)......................18, 20, 21

22 *Reese v. Jefferson School Dist. No. 14J,* 208 F.3d 736 (9th Cir.2000).............................14

23 *Rivera-Powell v. N.Y. City Bd. of Elections,* 470 F.3d 458 (2d Cir.2006).......................14

24 *Rubio ex rel. Z.R. v. Turner Unified School Dist. No. 202,* 453 F.Supp.2d 1295

25    (D.Kan.2006) .........................................................................................................19

26 *Schweiker v. Chilicky,* 487 U.S. 412 (1988) ...................................................................12

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1     *Sea Clammers Ass'n*, 453 U.S. 1 (1981) ........................................................16

2     *SEC v. Seaboard Corp.,* 677 F.2d 1315 (9th Cir. 1982) ...................................8

3     *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44 (1996).....................................18

4     *Serrano v. Francis* (9th Cir. 2003) 345 F.3d 1071 ..........................................13

5     *Shaw v. Reno,* 509 U.S. 630 (1993) .................................................................11

6     *Smith v. Robinson,* 468 U.S. 992 (1984).........................................................16

7     *Students for a Conservative America v. Greenwood,* 378 F.3d 1129 (9th Cir. 2004).......18

8     *Swann v. Charlotte Mecklenburg Bd. of Ed.,* 402 U.S. 1 (1971)....................9, 12

9     *U.S. v. Fordice*, 505 U.S. 717 (1992) ..............................................................10

10    *University of California Regents v. Bakke*, 438 U.S. 265 (1978)............................12

11    *Valadez v. Graham*, 474 F.Supp. 149 (D.C.Fla., 1979)....................................12

12    *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura* (9th Cir.2004)

13       371 F.3d 1046 .............................................................................................13

State Cases

*People v. Ordonez* (1991) 226 Cal.App.3d 1207 ..............................................13

Federal Statutes

42 U.S.C. § 1983 ..................................................................................2, *passim*

42 U.S.C. § 1988 .....................................................................................................8

42 U.S.C. § 2000d.............................................................................................8, 15

State Statutes

California Government Code §11135 ................................................................8, 20, 21

Federal Rules

FRCP Rule 12(b)(6) .......................................................................................1, 5, 8

FRCP Rule 23(a).................................................................................................8

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

iv

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  <u>Federal Regulations</u>

2  34 C.F.R. § 100.3(a) ...................................................................................7

3  34 C.F.R. § 100.7 ...................................................................................16

4  34 C.F.R. § 100.7(b) ...............................................................................16

5  34 C.F.R. § 100.7(c) ...............................................................................16

6  34 C.F.R. § 100.8 ...............................................................................16, 17

7  34 C.F.R. § 100.9............................................................................... 16

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>NOTICE</u>

PLEASE TAKE NOTICE that on **January 8, 2008,** at **10:00 a.m.,** in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, defendants will move the Court for an order dismissing plaintiffs' complaint.  The motion is brought pursuant to Federal Rules of Civil Procedure, and Rule 12(b)(6) on the ground that the complaint fails to state a valid cause of action, as set forth below.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION & SUMMARY

Ten children of two families, purporting to represent "all Native American children living in Del Norte County," seek a mandatory injunction from this court, directing the Board of the Del Norte Unified School District (Board) to reopen the middle school grades (six through eight) at Margaret Keating Elementary School. The Board closed these middle grades at the school in the Fall 2005 for a variety of reasons, including cost savings and to provide students with better educational opportunities. The complaint alleges that the closure of the middle grades at this elementary school, which had a Native American student population of approximately 67%, had a "disproportionate impact" on the plaintiffs and the purported class, resulting in (1) reassigning plaintiffs to a "predominately white" school located 20 miles away (Crescent Elk Middle School), and (2) depriving plaintiffs "of opportunities to learn about and preserve their Native American values, customs, and traditions." The complaint alleges causes of action for violations of 42 U.S.C.§1983 (Equal Protection), Title VI, and California state law.

Specifically, plaintiffs request that this Court "issue a preliminary and permanent injunction mandating Defendants to re-open grades six through eight at Margaret Keating Elementary School, staffed with qualified teachers assigned to teach each grade the full curricula appropriate to that grade and supporting activities that teach and foster Native American languages, history and culture, and permit any and all Native American children living in Klamath and eligible for those grades who wish to do so to attend the middle school grades at Margaret Keating." (Complaint, ¶ 4.)

For all intents and purposes, plaintiffs' complaint asks this Court to issue an order implementing school *segregation*, which has been unanimously condemned by the Supreme Court as unconstitutional since 1954, when the Court decided *Brown v. Board of Education*. For this reason alone, the entire complaint should be summarily dismissed.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1        Furthermore, the complaint suffers from a number of other defects.

2        First, the complaint fails to state a viable claim for discrimination under the Equal

3    Protection clause of the Constitution of the United States.  The complaint fails to allege

4    any facts supporting an inference that the Board's decision was motivated by

5    discriminatory animus.  Instead, plaintiffs' allege "disparate impact" discrimination,

6    which courts have uniformly held is insufficient to support a claim for violation of Equal

7    Protection or a private cause of action for violation of Title VI.  In addition, the complaint

8    affirmatively establishes that plaintiffs were treated no differently than similarly situated

9    individuals, i.e., all of the non-Native American students who attended Margaret Keating

10   Elementary School before its closure and who were also left with the option of attending

11   Crescent Elk Middle School, as a result of the closure of the middle school grades at

12   Margaret Keating Elementary School, or the option to seek an alternative school choice

13   within or outside of the school district.

14       Second, the §1983 claim is subsumed and therefore preempted by Title VI,

15   because Title VI is sufficiently comprehensive to preclude a §1983 claim based on the

16   same facts.

17       Third, the individual defendants should be dismissed from plaintiff's Title VI

18   claim, because Title VI does not authorize claims against individual defendants, and

19   because the "official capacity" claims against these defendants are rendered redundant

20   and unnecessary as a matter of law by the claim against the School District.

21       Fourth, because the School District is considered an "arm of the state," the

22   Eleventh Amendment of the Constitution of the United States bars both the §1983 claim

23   and the state law claim.

24   **II.    FACTUAL ALLEGATIONS**

25       The complaint is summarized as "a class action seeking declaratory and equitable

26   relief arising out of Plaintiffs' challenge, on behalf of themselves and a class of similarly

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

situated others, to the June 9, 2005 decision by the Del Norte Unified School District…to close the middle school grades (six through eight) of Margaret Keating Elementary School…in Klamath, California, and the reassignment and busing of Margaret Keating middle school students to Crescent Middle School in Crescent City, California [the County seat for Del Norte County], beginning in September 2005." (Complaint, ¶ 1.) The Crescent City Middle School is located approximately 20 miles from Margaret Keating. (¶ 4.)

In the 2004-2005 school year, approximately 67% of the students enrolled at Margaret Keating Elementary School ("Margaret Keating") were Native Americans. (¶ 2.) [1] No other school in the Del Norte Unified School District ("District") has a Native American student body population greater than 23%. (¶ 56.) Overall, Native Americans students make up approximately 15% of the students in the District. (*Id.*) Margaret Keating is alleged to be "a center of Native American cultural heritage, important to the preservation of the traditions, values, and customs of the Yurok tribe." (*Id.*) "The closure of Margaret Keating's middle school grades and the consequence dissipation of the Native American middle school community severely diminishes these students' abilities to be full and active members of the tribe." (¶ 59.)

Plaintiffs allege that the "ostensible justification" for closing the middle school grades was "to save costs," and further alleges that greater savings could have been achieved by closing either the Pine Grove Elementary School (located in Crescent City, California), or grades six through eight at Mountain Elementary School, "a school with a predominantly white student population." (¶ 5.)[2]

---

[1] As of the 2004-2005 school year, Margaret Keating Elementary School had a total enrollment of 134 students, with only 33 students enrolled in the middle grades.
[2] The middle grades of the "predominantly white" Mountain Elementary School, located in Gasquet, California, were also closed, and those middle grade students were also reassigned to Crescent Elk Middle School. (See, infra.)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1      The complaint alleges that, following an investigation by the U.S. Department of

2  Education Office of Civil Rights ("OCR"): "[t]he OCR concluded that the evidence

3  showed non-compliance with Title VI of the Civil Rights Act of 1964 with respect to the

4  District, because the District's decision "had a racially disproportionate impact…in that

5  the District treated Margaret Keating, a predominantly Native American school,

6  differently that schools with predominantly white population." (¶ 6.)

7      Not surprisingly, the complaint fails to mention a number of key items found in

8  the OCR letter.[3]  The omissions include the following findings:

9        • After closing the middle grades at Margaret Keating, the District also

10          closed the middle grades at Mountain Elementary school (described in

11          plaintiffs' complaint as a "predominantly white" school), resulting in the

12          reassignment (and busing of an equal distance) of those students to the

13          Crescent Elk Middle School in Crescent City (p. 8);

14        • "The District enrollment has been decreasing and the District has been

15          facing financial problems" (p. 7)

16

17    _____

[3]    Although repeatedly referenced in the complaint, plaintiffs chose not to attach a copy
18  of the OCR letter, for reasons which will become obvious. The letter is attached to
    defendants' Declaration, filed herewith, and may be reviewed and considered by this
19  court in connection with defendants' motion to dismiss. *Beddal v. State St. Bank and
    Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When…a complaint's factual allegations are
20  expressly linked to and admittedly dependant upon a document (the authenticity of which
    is not challenged), that document effectively merges into the pleadings, and the trial court
21  can review it in deciding a motion to dismiss under Rule 12(b)(6)."); *Goodman v.
    President and Trustees of Bowdoin College*, 135 F.Supp.2d 40, 47 (D.Me. 2001).
22    It should also be noted that the conclusions set forth in the OCR letter are not binding
    on this Court. See, e.g., *Doe By and Through Doe v. Petaluma City School Dist.* 54 F.3d
23  1447, 1452 (9th Cir. 1995) ("The OCR letter in this case neither creates the source of the
    right sued upon by Doe, nor is it a relevant "precedent" which can clearly establish an
24  official's duty to act.")  Furthermore, as will be discussed below, the standard used by the
    OCR to determine a violation of the cited Title VI regulations, i.e., differential treatment
25  or "disparate impact," does not apply to plaintiffs' complaint filed in this court. Rather, in
    order to establish a violation of Title VI in a private cause of action, plaintiffs have the
26  burden of showing that the Board's decision to close the middle grades at Margaret
    Keating was motivated by actual *intent* by the District Board members to discriminate
    against Native Americans. *Alexander v. Sandoval*, 532 U.S. 275, 293 (2001).

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    • Students from four schools, including Margaret Keating "were considered

2         for reassignment to address District financial problems" under

3         recommendations from the Blue Ribbon Committee formed by the District

4         (p. 7);

5    • The time to travel the 20 miles between Margaret Keating and Crescent Elk

6         Middle School by bus was "approximately 30 minutes," [4] (p. 7);

7    • "All communities affected" by the recommendations of the Blue Ribbon

8         Committee "protested the recommended changes" (p. 4);

9    • While the complainant asserted lack of input from the Klamath community,

10        "the record showed that public meetings were held in the Klamath area on

11        February 28, April 25, and May 25, 2005" (Id.) [5];

12   • A survey at Margaret Keating "showed parents and students identifying an

13        approximately equal number of advantages and disadvantages" with closing

14        the middle grades at Margaret Keating (p. 6) [6];

15   • The District "took steps concerning transportation schedules, curriculum,

16        orientation sessions, and parent meetings to lessen the difficulty the

17        transition" of the Margaret Keating students attending Crescent Elk Middle

18        School (p. 5).

19       Finally, the complaint fails mention the ultimate finding of the OCR, namely, that,

20   as a result of the decision to close the middle grades at Mountain School and reassign

21

22   _____

23   [4] In contrast, plaintiffs' complaint alleges that the Crescent City Elementary School is a
     "1 ½ hour or more bus ride away," (¶ 4), and that, as a result, plaintiffs' "school day has
     been lengthened…by as much as three or four hours a day because of the long bus rides

24   to and from school." (¶ 8.)
     [5] In contrast, plaintiffs' complaint alleges that "Margaret Keating parents were not given

25   any informed opportunity to attend the School Board meeting at which possible school
     closure was discussed…" (¶ 45.)

26   [6] In contrast, plaintiffs' complaint alleges that "[t]he Native American community, as well
     as the general Klamath community, overwhelmingly opposed closure of the Margaret
     Keating middle school grades." (¶ 47.)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  those students to the Crescent Elk Middle School, the ***"OCR has determined there is no***
2  ***basis for requiring an additional remedy."*** (p. 8.)

3      The OCR's conclusion that the District violated Title VI regulation 34 C.F.R.
4  §100.3(a) was ultimately based on the negative determination that "there was not
5  sufficient evidence to establish that the decision was made for reasons other than national
6  origin," and advised: "As a matter of technical assistance OCR recommends that, in any
7  future decisions concerning student reassignment, the District take steps to ensure that its
8  decisions are based on documented nondiscriminatory criteria." (p. 8.)

9  **III.    THE PARTIES**

10      The named plaintiffs are ten children from two Native American families: Plaintiff
11  Samuel Gensaw II is thirteen years old and currently enrolled in 7th grade at Castle Rock
12  Charter School;[7] William Ulmer-Gensaw is twelve years old and currently enrolled in 7th
13  grade a the Orick School;[8] Angelica Ulmer is 13 years old and currently enrolled in 7th
14  grade at the Orick School; Len-Bell Gensaw is eleven years old and is currently enrolled
15  in 5th grade at Margaret Keating Elementary school; Jon-Luke Gensaw is nine years old
16  and is currently enrolled in 4th grade at Margaret Keating Elementary school; Charles
17  Ulmer-Gensaw is nine years old and is currently enrolled in 3rd grade at Margaret
18  Keating Elementary school; Peter R. Gensaw is seven years old and is currently enrolled
19  in 2nd grade at Margaret Keating Elementary school; Teresita Ulmer-Gensaw is five
20  years old and is currently enrolled in kindergarten at Margaret Keating Elementary
21  school; Isaiah Parsley is two years old and live in Klamath, California; Cherrisa Parsley
22  is eight months old and lives in Klamath, California.

23      Plaintiffs purport to represent a class of "all Native children living in Del Norte
24  County who would attend grades six, seven, and/or eighth at Margaret Keating

25  ――――――――――――――――

26  [7] Castle Rock Charter School is located in Crescent City, California.
   [8] The town of Orick is located 26 miles from Klamath, California, in neighboring
   Humboldt County.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1 | Elementary School in the 2007-2008 and subsequent academic school years…" and

2 | request certification as a class pursuant to FRCP, Rule 23(a). (¶ 34.)

3 |     The complaint names as defendants the Del Norte County Unified School District,

4 | five members of the District's Board, Robert Berkowitz, Thomas Cochran, Faith Crist,

5 | William Maffett, and William Parker, and the District's Superintendent, Jan Moorehouse.

6 | **IV.    THE CAUSES OF ACTION**

7 |     Plaintiffs allege causes of action for violation of 42 U.S.C. §1983 based on an

8 | alleged violation of the Fourteenth Amendment Equal Protection clause, violation of Title

9 | VI (42 U.S.C. §2000d), and violation of California Government Code §11135. Plaintiffs

10 | seek declaratory and injunctive relieve (i.e. an order directing the District to reopen the

11 | middle grades at Margaret Keating) and attorney's fees pursuant to 42 U.S.C. §1988.

12 | **V.    ANALYSIS**

13 |     **A.    <u>Motion To Dismiss Standards</u>**

14 |     A motion to dismiss may be filed at any time before the answer or other

15 | responsive pleading is required to be filed. *AETNA Life Insurance Co. v. Alla Medical*

16 | *Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1998).

17 |     Generally, allegations in a complaint are presumed true under FRCP, Rule

18 | 12(b)(6). However, a reviewing court need not accept as true, conclusory allegations or

19 | legal characterizations. *SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982).

20 | The court may disregard allegations in the complaint if contradicted by facts established

21 | by reference to documents attached as exhibits to the complaint. *Durning v. First Boston*

22 | *Corp.*, 815 F.2d 1265 (9th Cir. 1997).

23 |     A dismissal under FRCP Rule 12(b)(6) should be granted when the facts alleged,

24 | if true, would not entitle a plaintiff to any form of legal remedy. Thus, a Rule 12(b)(6)

25 | dismissal is proper where there is either "lack of cognizable legal theory" or "the absence

26 | of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8

1    *Department*, 901 F.2d 696, 699 (9th Cir. 1990); see also, *Conley v. Gibson*, 355 U.S. 421,

2    445-46 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).

3    **B.    The Relief Requested Is Patently Unconstitutional**

4    It is beyond dispute that federal courts should be hesitant to interfere with school

5    management issues. *Goss v. Lopez,* 419 U.S. 565, 578 (1975) ("Judicial interposition in

6    the operation of the public school system of the Nation raises problems requiring care and

7    restraint.  By and large, public education in our Nation is committed to the control of

8    state and local authorities."); *Milliken v. Bradley,* 418 U.S. 717, 741-42 (1974) ("No

9    single tradition in public education is more deeply rooted than local control over the

10    operation of schools.").

11    In this case, plaintiffs ask this court to abandon all such judicial restraint by

12    issuing a mandatory injunction reversing a decision of a duly-elected local school board,

13    order the school district to reopen a middle school closed due to an undisputed budget

14    crisis, and further order that it be "staffed with qualified teachers assigned to teach each

15    grade the full curricula appropriate to that grade and supporting activities that teach and

16    foster Native American languages, history and culture…"[9]

17    More importantly, the purpose and effect of the relief sought by plaintiffs is

18    undeniable: to *segregate* students based *solely* on the basis of *race*.  As recently

19    confirmed by Justice Thomas in *Parents Involved in Community Schools v. Seattle*

20    *School District* 2007 WL 1836531: "In the context of public schooling, segregation is

21    the deliberate operation of a school system to 'carry out a government policy to separate

22    pupils in school based solely on the basis of race.' " *Id.*, *29, quoting *Swann v. Charlotte*

23    *Mecklenburg Bd. of Ed.*, 402 U.S. 1, 6 (1971).  Ironically, the approach urged by the

24

25

26    [9] This later aspect of the requested mandate purports to seek carte blanche educational opportunities far in excess of those the District actually provided the 33 students attending the middle grades of Margaret Keating, given the limited funds available in the District to educate all of its students, when these grades were discontinued in June 2005.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

1  plaintiffs is reminiscent of that advocated by the segregationists in *Brown v. Board of*

2  *Education*, 347 U.S. 483 (1954).  "This approach is just as wrong today as it was a half-

3  century ago." *Seattle School District*, at *29 (Thomas, J., concurring).

4      It matters not that the asserted purpose of the remedy urged by the plaintiffs, i.e.,

5  the advancement of local Native American culture, is presumably well-intentioned.  "The

6  constitutional problems with government race-based decisionmaking are not diminished

7  in the slightest by the presence or absence of an intent to oppress any race or by the real

8  or asserted well-meaning motives for the race-based decisionmaking."  *Seattle School*

9  *District,* (Thomas, J., concurring), citing *Adarand Construction, Inc. v. Pena*, 515 U.S.

10  200, 228-229 (1995); see also, *U.S. v. Fordice* 505 U.S. 717, 729 (1992) ("The Equal

11  Protection Clause is offended by 'sophisticated as well as simple-minded modes of

12  discrimination.'")

13      In the recent *Seattle School District* case, two school districts adopted student

14  assignment plans that relied solely on race to determine which public schools certain

15  children could attend, in order to further "racial balancing" within the school systems.[10]

16  The parents of some of the students brought suit, asserting that the race-based student

17  assignments plans violated the Equal Protection Clause and Title VI.  Both the Ninth

18  Circuit and the Sixth Circuit concluded that the assignment plans were constitutional

19  because they served compelling state interests in school integration.  The Supreme Court

20  reversed, holding that the assignment plans violated the Equal Protection clause, stating,

21  inter alia:

22          " '[D]istinctions between citizens solely because of their ancestry are by
           their very nature odious to a free people whose institutions are founded
23          upon the doctrine of equality.' " [quoting *Adarand v. Pena,* 515 U.S. 200
           214, 115 (1995).] Government action dividing us by race is inherently
24

25  ───────────────

26  [10] In granting certiorari, the Supreme Court consolidated two cases, one involving the
    Seattle School District, filed in the District Court for the State of Washington, and the
    other involving the Jefferson City Board of Education, filed in the District Court for the
    Western District of Kentucky.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    suspect because such classifications promote 'notions of racial inferiority
     and lead to a politics of racial hostility' [quoting *City of Richmond v.*
2    *Croson*, 488 U.S. 469, 493 (1989)], 'reinforce the belief, held by too many
     for too much of our history, that individuals should be judged by the color
3    of their skin,' [quoting *Shaw v. Reno*, 509 U.S. 630, 657 (1993)] and
     'endorse race-based reasoning and the conception of a Nation divided into
4    racial blocks, thus contributing to an escalation of racial hostility and
     conflict.' " [quoting *Metro Broadcasting v. F.C.C.* , 497 U.S. 547, 603
5    (1990) O'Conner, J., dissenting] *Id.* at * 27

6    Justice Breyer's impassioned dissent in *Seattle School District*, joined by Justices

7    Stevens, Souter, and Ginsberg, provides no support for the goal sought to be achieved by

8    plaintiffs in this case. Just the opposite is true. Justice Breyer concluded that the race-

9    based school assignment plans did not violate the Equal Protection clause because they

10   served the compelling state interest in promoting racial *integration*, to wit, "the school

11   districts' interest in eliminating school-by-school racial isolation and increasing the

12   degree to which racial mixture characterizes each of the district's schools and each

13   individual student's public school experience." *Id.*, at *76 Justice Breyer also explained

14   that racial integration has an inherent "democratic element," describing it as:

15       "…an interest in producing an educational environment that reflects the
         'pluralistic society' in which our children will live. [citing *Swann*, 402 U.S.
16       at 16]. It is an interest in helping our children learn to work and play
         together which children of different racial backgrounds. It is an interest in
17       teaching children to engage in the kind of cooperation among Americans of
         all races that is necessary to make a land of three hundred million people in
18       one Nation." *Id.*, at *77

19   **In this case, plaintiffs seek to promote the antithesis of this compelling state**

20   **interest: i.e., plaintiffs are advocating racial separatism and isolation.** Plaintiffs'

21   profoundly misguided complaint request that this Court compel the District to implement

22   nothing less than "de jure" school segregation, a policy and practice that every Supreme

23   Court since *Brown v. Board of Education* has unanimously agreed is patently

24   unconstitutional. "In the context of public schooling, segregation is the deliberate

25   operation of a school system to 'carry out a government policy to separate pupils in

26   school based solely on the basis of race.' " *Seattle School District,* (Thomas, J.,

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

11

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  concurring), *29, quoting *Swann*, 402 U.S. at 6; see also, *See also Bradley v. Milliken*,

2  484 F.2d 215, 241 (6th Cir.1973), *rev'd on other grounds, Milliken v. Bradley*, 418 U.S.

3  717 (1974) (finding that "[t]he clearest example of direct State participation in

4  encouraging the segregated condition of the Detroit public schools" was the State Board

5  of Education's approval of "school construction which fostered segregation throughout

6  the Detroit Metropolitan area").

7      Because the relief sought by plaintiffs is patently unconstitutional and therefore

8  unavailable as a matter of law, the complaint fails to state a claim for relief and should be

9  dismissed. *See, e.g., Schweiker v. Chilicky* 487 U.S. 412, 429 (1988)  ("Because the

10  relief sought by respondents is unavailable as a matter of law, the case must be

11  dismissed.").

12      **C.     The Complaint Does Not State Sufficient Facts To Support A Claim
             For Violation Of Equal Protection**

13

14      Plaintiffs' §1983 and Title VI claims are mutually dependent upon a cognizable

15  claim for violation of the Equal Protection Clause. *University of California Regents v.*

16  *Bakke*, 438 U.S. 265, 287 (1978), ("In view of the clear legislative intent, Title VI must

17  be held to proscribe only those racial classifications that would violate the Equal

18  Protection Clause or the Fifth Amendment.") (Brennen, J. concurring); See also *Valadez*

19  *v. Graham*  474 F.Supp. 149, 159 -160 (D.C.Fla., 1979) (determination that defendants

20  did not discriminated against plaintiffs in violation of the Equal Protection Clause

21  "disposes of the contention that defendants have impermissibly discriminated against

22  them under Title VI.").

23      "The Equal Protection Clause of the Fourteenth Amendment commands that no

24  State shall 'deny to any person within its jurisdiction the equal protection of the laws,'

25  which is essentially a direction that all persons similarly situated should be treated alike."

26  *Serrano v. Francis* (9th Cir. 2003) 345 F.3d 1071, 1081 (quoting *Cleburne v. Cleburne*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

12

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

*Living Center, Inc.* (1985) 473 U.S. 432, 439); see also, *People v. Ordonez* (1991) 226 Cal.App.3d 1207, 1237 ("The right to equal protection mandates that persons who are similarly situated with respect to the purpose of a law receive like treatment").

Plaintiffs' complaint alleges that the District closed the middle school grades of Margaret Keating Elementary School and *reassigned all students* in those classes to the Crescent Elk Middle School in Crescent City. The complaint further alleges that Native American students comprised 67% of the effected student population. In other words, the remaining 33% of the students (who are not identified as within the constitutionally protected class) were treated exactly the same as plaintiffs.

Furthermore, as acknowledged in the OCR letter, the District also closed the "predominantly white" Mountain Elementary school as a result of the budget crisis, resulting in the reassignment (and busing of an equal distance) of those students to the Crescent Elk Middle School in Crescent City, California.

Thus, the complaint (and OCR letter) affirmatively establishes that plaintiffs were treated no differently than non-Native Americans. Accordingly, plaintiffs' complaint fails to state a claim for violation of equal protection, and should be dismissed on this basis. See, *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura* (9th Cir.2004) 371 F.3d 1046, 1055 (Plaintiff failed to allege "that the State treated him in a dissimilar manner from other similarly situated individuals. The lack of such an allegation is fatal to his claim."); *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 687 ("Reading plaintiffs' claim in the most favorable light, we conclude that plaintiffs do not allege that defendants treat disabled persons as a protected class differently from other similarly situated individuals who come into contact with the criminal justice system.").

Moreover, in order to state a viable claim for violation of Equal Protection, plaintiffs are required to allege facts demonstrating *intentional discrimination* by the

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

13

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  District's Board, i.e., that the Board's decision to close Margaret Keating was motivated

2  by an intent to discriminate against the plaintiffs. *Arlington Heights v. Metropolitan*

3  *Housing Dev. Corp.,* 429 U.S. 252, 265 (1977); *Reese v. Jefferson School Dist. No. 14J,*

4  208 F.3d 736 (9th Cir.2000). Conclusory allegations of discrimination are insufficient to

5  withstand a motion to dismiss. *Rivera-Powell v. N.Y. City Bd. of Elections,* 470 F.3d

6  458, 470 (2d Cir.2006) ("Conclusory allegation[s] of discrimination," "without

7  evidentiary support or allegations of particularized incidents" and absent allegations of

8  discriminatory intent, do "not state a valid claim and so cannot withstand a motion to

9  dismiss." (internal quotations omitted)); See also, *In re Stac Elecs. Sec. Litig.,* 89 F.3d

10  1399, 1403 (9th Cir.) (Conclusory allegations and unwarranted inferences are insufficient

11  to defeat motion to dismiss for failure to state a claim.); *Holt v. Howerton* 2007 WL

12  2385079, *6 (S.D.Cal.) (S.D.Cal. 2007) ("Conclusory allegations of discrimination are

13  insufficient to withstand a motion to dismiss, unless the plaintiff alleges facts which may

14  prove invidious discriminatory intent" – citing *Arlington Heights.*).

15      While plaintiffs allege that the District's decision to close Margaret Keating "was

16  motivated by racially discriminatory intent and purpose," no particularized facts are

17  alleged to reasonably support such an inference. Plaintiffs' purport to state facts

18  establishing a "disproportionate impact" claim; however, it is well established that such

19  allegations are insufficient to establish a claim for intentional discrimination under the

20  Equal Protection Clause. *Arlington Heights*, 429 U.S. at 265-66 ("It is clear that official

21  action will not be held unconstitutional solely because it results in a racially

22  disproportionate impact."); *Alexander v. Sandoval*, 532 U.S. 275, 293 (2001) (Title VI

23  does not authorize a private cause of action for disparate impact discrimination); *Cudjoe*

24  *v. Independent Sch. Dist.*, 297 F.3d 1058 (10th Cir. 2002) (same); *Lechuga v. Crosley*,

25  228 F.Supp.2d 1150, 1155 (D. Ore. 2002) (same); *Travis v. Folsom Cordova Unified*

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

14

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    *School District*, 2007 WL 529840 (E.D. Cal.) ("Title VI creates a private cause of action

2    only for instances of intentional discrimination.").

3         Because plaintiffs' complaint fails to state sufficient facts to support a cognizable

4    claim for violation of the Equal Protection Clause, the causes of action for violation of

5    §1983 and Title VI should be dismissed.

6         **D.    Plaintiffs' §1983 Claim Is Barred By Title VI**

7         Even assuming for the sake of argument that plaintiffs' complaint alleges

8    sufficient facts to state an underlying violation of the Equal Protection Clause, plaintiffs'

9    §1983 claim is subsumed and therefore barred by Title VI.

10        Title VI provides that "[n]o person in the United States shall, on the ground of

11   race, color, or national origin, be excluded from participation in, be denied the benefits

12   of, or be subjected to discrimination under any program or activity receiving Federal

13   financial assistance." 42 U.S.C. §2000d.

14        Section 1983 provides in relevant part: "Every person who, under color of any

15   statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be

16   subjected, any citizen of the United States or other person within the jurisdiction thereof

17   to the deprivation of any rights, privileges, or immunities secured by the Constitution and

18   laws, shall be liable to the party injured in an action at law ..."

19        The Ninth Circuit has not decided the specific issue of whether §1983 claims

20   which fall within Title VI's prohibitions are subsumed by a Title VI.[11]  However, the two

21

22   _____

23   [11] But see, *Boulahanis v. Board of Regents,* 198 F.3d 633, 641 (7th Cir.1999) ("Where
     Congress has set up an enforcement mechanism with full remedies, as it has with Title
     VI, that regulatory structure may not be bypassed by resort to laws of more general
24   applicability like Section 1983..."); *Bayon v. State Univ. of New York at Buffalo*, 2001
     WL 135817, *3 (W.D.N.Y.2001) ("Plaintiff's section 1983 claims, as pled, are not
25   separate and distinct from his Title VI and ADA claims. Where Congress has established
     the enforcement mechanism containing remedial devices that are sufficiently
26   comprehensive, as it has done with Title VI and the ADA, those enforcement
     mechanisms may not be bypassed by bringing suit under section 1983.").

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

15

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

district courts within the Ninth Circuit that have confronted this issue have both concluded that Title VI is sufficiently comprehensive to preclude a §1983 claim based on the same facts. *Travis v. Folsom Cordova Unified Sch. Dist.* 2007 WL 529840 (E.D.Cal.) ("After examining the relevant case law and the statutory scheme of Title VI, the Court concludes that Title VI is sufficiently comprehensive to evince congressional intent to foreclose a section 1983 remedy."); *Alexander v. Underhill*, 416 F.Supp.2d 999 (D.Nev. 2006) (same); See also *Mansourian v. Board of Regents, UC Davis*, 2007 WL 3046034 (E.D.Cal.) (citing *Travis*, supra, and concluding that section 1983 claim for violation equal protection was foreclosed by Title IX claim).

The analysis by the district court in *Travis v. Folsom Codova Unified Sch. Dist.* is both thorough and well-reasoned:

> "In determining whether an act subsumes a section 1983 action, the threshold issue is whether Congress intended that act to supplant any remedy that would otherwise be available under section 1983. [*Sea Clammers Ass'n*, 453 U.S. 1. 20 (1981)]. Such Congressional intent may be inferred when the statutory scheme is incompatible with individual enforcement under section 1983. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113 (2005)....

> Therefor, the Court must decide whether Title VI is sufficiently comprehensive to demonstrate congressional intent to foreclose a § 1983 remedy. If Title VI is sufficiently comprehensive, the Court must determine whether Plaintiffs' section 1983 claim seeks to remedy conduct that is within the scope of Title VI. Only section 1983 claims that are within the scope of a comprehensive statutory scheme are subsumed by that scheme. *See Smith v. Robinson*, 468 U.S. 992, 1003 n. 7 (1984).

> Title VI's administrative scheme allows persons who believe they were discriminated against to file a written complaint with the responsible department official. 34 C.F.R. § 100.7(b). A complaint that indicates noncompliance with Title VI triggers a prompt investigation. 34 C.F.R. § 100.7(c).

> If the investigation reveals a failure to comply with Title VI, the department will take steps necessary to ensure compliance. 34 C.F.R. §§ 100.7, 100.8, 100.9. Although these regulations do not provide a monetary remedy for a complainant who was discriminated against, the regulations do provide a process designed to effectuate compliance with Title VI. A federally funded entity that does not comply with Title VI may ultimately lose its federal financial assistance. 34 C.F.R. § 100.8. In addition to the administrative remedies, Title VI contains an implied private cause of

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

16

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    action through which individuals can obtain both injunctive relief and
2    damages. [*Alexander v. Sandoval*, 532 U.S. 275, (2001).] *Id.*, at *5.

3    The court then considered whether Title VI provides a "more restrictive private

4    remedy" than §1983, because "a more restrictive remedy provided by statute militates

5    against recognition of a more sweeping right under the general provisions of section

6    1983." *Id.* at *6, citing *Abrams*, 544 U.S. at 120.  The court concluded that Title VI did

7    provide a more restrictive remedy given that (1) a Title VI plaintiff can only seek

8    recovery from the recipient of federal funding, (2) individuals may not be held liable

9    under Title VI, and (3) "a private cause of action is only available under Title VI for

10    intentional discrimination." [citing *Abrams*, 544 U.S. at 120, and  *Sandoval*, 532 U.S. at

11    280.] *Id.* at *6.

12    Based on the above considerations, the court concluded as follows:

13    "After examining the relevant case law and the statutory scheme of Title
      VI, the Court concludes that Title VI is sufficiently comprehensive to
14    evince congressional intent to foreclose a §1983 remedy.  Because Title VI
      offers an administrative enforcement scheme; a narrower private right of
15    action; and damages that are more restrictive than those available through §
      1983, the Court finds that a remedy under §1983 for conduct within the
16    scope of Title VI would be incompatible with Title VI. *See Abrams*, 544
      U.S. at 120.  Therefore, the Court finds that Title VI subsumes §1983
17    claims which fall within Title VI's prohibitions." *Id.*, at *6.

18    For the same reasons, plaintiffs' first cause of action for violation of §1983 is

19    barred by Title VI, and should be dismissed.

20    **E.    The §1983 Claim Is Also Barred By The Eleventh Amendment**

21    The Eleventh Amendment of the Constitution of the United States provides: "The

22    Judicial power of the United States shall not be construed to extend to any suit in law or

23    equity, commenced or prosecuted against on of the United States by Citizens of another

24    State, or by Citizens of Subjects of any Foreign State."

25    The Supreme Court has held for more than a century that the Eleventh

26    Amendment precludes a citizen from suing a State-whether his own State or another-

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

17

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1   unless the State consents to be sued. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44,

2   (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984); *Edelman v.*

3   *Jordan,* 415 U.S. 651 (1974); *Hans v. Louisiana,* 134 U.S. 1 (1890).

4         In *Belanger v. Madera Unified School District,* 963 F.2d 248 (9th Cir.1992), the

5   Ninth Circuit held that the California public school system is a state actor for purposes of

6   the Eleventh Amendment. *Id.* at 251.

7         Under limited circumstances, courts have provided an exception to Eleventh

8   Amendment immunity to official capacity claims for prospective relief. *See Edelman,*

9   415 U.S. at 664-66; *Bennett v. Yoshina,* 140 F.3d 1218, 1224 (9th Cir.1998).

10        However, the so-called *Ex parte Young* exception cannot apply in this case.  As

11  discussed above, plaintiffs' request for "prospective" injunctive relief, i.e., an order

12  implementing school segregation, is unconstitutional and therefore unavailable.  This

13  leaves only the possibility of "retroactive" relief, i.e., a declaratory judgment that the

14  June 9, 2005 decision of the District's Board to close the middle grades of Margaret

15  Keating was unconstitutional.  As such, the *Ex parte Young* exception does not apply,

16  and the complaint is barred by the Eleventh Amendment. *Edelman,* 415 U.S. at 664-65

17  (explaining that purpose of exception is to prevent continuing violations of federal law

18  but not to remedy past violations); *Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 288

19  (1997) (O'Connor, J., concurring in part and concurring in the judgment)(same); see

20  also, *Students for a Conservative America v. Greenwood* 378 F.3d 1129, 1130 (9th Cir.

21  2004)("We agree with the district court that the Eleventh Amendment precludes granting

22  the plaintiffs' request for a new election because it is not a request for prospective relief.

23  Its purpose is to undo the results of an election that has already been given effect.")

24        Accordingly, plaintiffs' §1983 claim is also barred by the Eleventh Amendment.

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

18

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  (dismissing "official capacity" Title VII claim against city officials as duplicative of

2  claim against the city); *Land v. Midwest Office Tech., Inc.,* 979 F.Supp. 1344, 1348

3  (D.Kan.1997) (citations omitted) (holding that in a Title VII case, dismissal of an official

4  capacity claim against an employee when the employer is also a defendant promotes "

5  'judicial economy and efficiency" ' and " 'prevents the possibility of juror confusion" ');

6  *Coller v. Missouri, Dep't of Econ. Dev.,* 965 F.Supp. 1270, 1275 (W.D.Mo.1997)

7  (dismissing Title VII claim against supervisor in his official capacity as "duplicative,"

8  where plaintiff also asserted claims against her employer, a state agency).

9       Accordingly, defendants Robert Berkowitz, Thomas Cochran, Faith Crist, William

10  Maffett, and William Parker, and Jan Moorehouse should be dismissed from plaintiffs'

11  Title VI claim.

12      **G.    The State Law Claim Is Barred By The Eleventh Amendment**

13       Plaintiffs' third cause of action asserts violation of state law, i.e., California

14  Government Code §11135.

15       The Eleventh Amendment of the Constitution of the United States "precludes the

16  adjudication of pendent state law claims against nonconsenting state defendants in

17  federal courts." *Cholla Ready Mix, Inc. v. Civish,*  382 F.3d 969, 973 -974 (9th Cir. 2004),

18  citing, inter alia, *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984)

19  (holding the Eleventh Amendment "applies ... to state law claims brought into federal

20  court under pendent jurisdiction"); *Freeman v. Oakland Unified School Dist.*  179 F.3d

21  846, *846 -847 (9th Cir. 1999) (FEHA claim barred by Eleventh Amendment immunity);

22  *Fordyce v. City of Seattle,* 55 F.3d 436, 441 (9th Cir.1995) ("[A] statute consenting to

23  suit in state court does not constitute consent to suit in federal court."); *Camden County*

24  *Recovery Coalition v. Camden City Bd. of Educ. For Public School System*  262

25  F.Supp.2d 446, 452 (D.N.J.,2003)("Under the Eleventh Amendment, a federal court may

26  not exercise pendent jurisdiction over state law claims against a state entity or state

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    **F.    The Individual Defendants Should Be Dismissed From Plaintiffs' Title**
2    **VI Claim**

3        The complaint names District Board Members Robert Berkowitz, Thomas

4    Cochran, Faith Crist, William Maffett, and William Parker, and Superintendent Jan

5    Moorehouse as individual "official capacity" defendants.

6        Courts have consistently held that a Title VI action (like a Title VII action) may

7    only be brought against an entity defendant, and not individuals. *Epileptic Foundation v.*

8    *City and County of Maui*, 300 F.Supp.2d 1003, 1014 (D.Hawai'i,2003) ("A Title VI

9    action is, of course, against the entity and not the individual." – citing *Buchanan v. City*

10   *of Bolivar*, 99 F.3d 1352, 1356 (6th Cir.1996)); *Atkins v. Bremerton School Dist.* 2005

11   WL 1356261, *2 (W.D. Wash. 2005); *Thompson v. Blount Memorial Hosp., Inc.* 2006

12   WL 3098787, *3 (E.D. Tenn. 2006) ( "…courts have consistently interpreted Title VI as

13   providing no individual liability…..Rather, Title VI claims are properly alleged against

14   an institution that receives federal financial assistance.); *Rubio ex rel. Z.R. v. Turner*

15   *Unified School Dist. No. 202*, 453 F.Supp.2d 1295, 2006 WL 2801938 at *9 n. 11

16   (D.Kan.2006)

17       Here, plaintiffs' complaint specifies that the individually-named defendants are all

18   sued in their "official capacities." It is well-established that a suit against a governmental

19   officer in his official capacity is equivalent to a suit against the governmental entity

20   itself. *Kentucky v. Graham*, 473 U.S. 159, 167(1985); *Mitchell v. Dupnik*, 75 F.3d 517,

21   527 (9th Cir.1996).  The Title VI claim against the individual defendants should

22   therefore be dismissed as redundant and unnecessary. *Coulter v. City of Berkeley* 1993

23   WL 300084, *3 (N.D.Cal.1993) (Patel, J.) (In Title VII suit: "Maintaining this lawsuit

24   against the individual defendants in their official capacity is mere surplusage.

25   Accordingly, the third claim shall be dismissed entirely against the individual

26   defendants."); *Bazile v. City of New York* 215 F.Supp.2d 354, *369 (S.D.N.Y.,2002)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

19

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  officials, regardless of whether the relief sought is monetary or equitable, retrospective or

2  prospective." – citing *Pennhurst State Sch. & Hosp.*).

3      Accordingly, plaintiffs' state law claim for violation of California Government

4  Code §11135 is subject to dismissal pursuant to the Eleventh Amendment.

5  **VI.    CONCLUSION**

6      For all of the above-stated reasons, defendants are entitled to an order dismissing

7  the complaint.

8  DATED:  November 29, 2007              MITCHELL, BRISSO, DELANEY & VRIEZE

9

10                                          By: _____

11                                              John M. Vrieze
                                                William F. Mitchell
12                                              Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Humboldt, over the age of eighteen years and not a party to or interested in the within entitled cause, my business address is 814 Seventh Street, Eureka, California.

On this date, I served the following documents:

### NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

__X__      By placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid for collection and mailing on this date and at the place shown, to the party(ies) and at the address(es) set forth below. I am readily familiar with the practice of this business for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, they are deposited in the ordinary course of business with the United States Postal Service at Eureka, California.

_____      By personally delivering a true copy thereof to the party(ies) and at the address(es) as set forth below.

_____      By personally faxing a true copy thereof to the party(ies) and at the facsimile number(s) as set forth below.

I declare under penalty of perjury that the foregoing is true and correct. Executed November 29, 2007, at Eureka, California.

_Kathy Radford_

Kathy Radford

Donald W. Brown
COVINGTON & BURLING
Attorneys at Law
One Front Street
San Francisco, CA  94111

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502