John M. Vrieze, CSB #115397
William F. Mitchell, CSB #159831
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL L. GENSAW III, et al., | CASE NO.: C-07-3009-TEH |
| Plaintiffs, | **REPLY** IN SUPPORT OF MOTION TO DISMISS COMPLAINT |
| vs. | |
| DEL NORTE COUNTY UNIFIED SCHOOL DISTRICT, et al., | DATE: March 3, 2008<br>TIME: 10:00 a.m.<br>CTRM: 12, 19th Floor<br>Honorable Thelton E. Henderson |
| Defendants. | |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

A.  Plaintiffs Concede That The State Claim Should Be Dismissed ............................... 1

B.  Plaintiffs Concede That The Individually Named Defendants Should Be Dismissed From The Title VI Claim ................................................................. 1

C.  The First, Second, Third, Fifth And Seventh Circuits All Support the Ninth Circuit District Courts' Determinations that Title VI Preempts a Section 1983 Claim Based on the Same Facts ................................................................. 1

D.  Plaintiffs' Section 1983 Claim is Also Barred by the Eleventh Amendment Because Plaintiffs have Admitted that they Only Seek to Remedy a Past Action, i.e., Closure of the MK Middle Grades ............................................... 8

E.  The Complaint Is Subject To Dismissal Because The Relief Sought Is Unconstitutional And Therefore Unavailable ................................................... 10

F.  Conclusion ........................................................................................................... 12

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

i

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

## Federal Cases

*Adarand Construction, Inc. v. Pena,* 515 U.S. 200 (1995)..............................................10

*Alexander v. Sandoval,* 532 U.S. 275 (2001)..............................................................2, 6

*Alexander v. Underhill,* 416 F.Supp.2d 999 (D.Nev. 2006) ..........................................1, 5

*Barnes v. Gorman,* 536 U.S. 181 (2002) ........................................................................2

*Boulahanis v. Board of Regents,* 198 F.3d 633 (7th Cir.1999)......................................2, 5

*Bruneau v. South Kortfight Central School Dist.,* 163 F.3d 749 (2nd Cir.1998) ....2, 4, 5, 7

*Burlington Sch. Comm. v. Mass. Dep't of Educ.,* 471 U.S. 359 (1985).............................9

*Cannon v. Univ. of Chicago,* 441 U.S. 677 (1979)......................................................2, 6

*Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969 (9th Cir. 2004) .......................................1

*Community for Equity v. Michigan High Sch. Athletic Ass'n,* 459 F.3d 676
    (6th Cir. 2006)..........................................................................................................2, 3

*Crawford v. Davis,* 109 F.3d 1281 (8th Cir.1997).......................................................3, 4

*Dep't of Educ. v. Katherine D.,* 727 F.2d 809 (9th Cir.1983)..........................................4

*Dittman v. California,* 191 F.3d 1020 (9th Cir.1999).......................................................3

*Doe v. D'Agostino,* 367 F.Supp.2d 157 (D.Mass.,2005)...................................................3

*Fitzgerald v. Barnstable Sch. Comm.,* 504 F.3d 165 (1st Cir.2007)........................2, 5, 6, 7

*Frechel-Rodriguez v. Puerto Rico Dept. of Educ.,* 478 F.Supp.2d 191
    (D.Puerto Rico 2007) ...................................................................................................3

*Freeman v. Oakland Unified School Dist.,* 179 F.3d 846 (9th Cir. 1999).........................1

*Green v. Mansour,* 474 U.S. 64 (1985)..........................................................................10

*Henkle v. Gregory,* 150 F.Supp.2d 1067 (D.Nev.2001) ...................................................3

*Lakoski v. James,* 66 F.3d 751 (5th Cir.1995) .................................................................2

*Lillard v. Shelby County Board of Educ.,* 76 F.3d 716 (6th Cir.1996)...........................2, 4

*Miranda B. v. Kitzhaber,* 328 F.3d 1181 (9th Cir. 2003) .................................................7

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

*Office of Hawaiian Affairs v. Dept. of Ed.*,
    951 F.Supp.1484 (D. Hawaii 1996) .................................................. 1, 9, 10, 11

*Papasan v. Allain*, 478 U.S. 265 (1996) ........................................................... 9

*Parents Involved v. Seattle School District*, ___ U.S. ___, 127 S.Ct. 2736 (2007) ..... 12, 13

*Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779 (3d Cir.1990) .......... 2, 4, 5, 7

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*,
    506 U.S. 139 (1993) ...................................................................................... 10

*Schweiker v. Chilicky*, 487 U.S. 412 (1988) ............................................... 11, 12

*Seasons v. Snow*, 84 F.3d 1226 (10th Cir.1996) ............................................ 3, 4

*Students for a Conservative America v. Greenwood*, 378 F.3d 1129 (9th Cir. 2004) ......... 8

*Swann v. Charlotte Mecklenburg Bd. of Ed.*, 402 U.S. 1 (1971) ...................... 11

*Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857 (7th Cir.1996) ....................... 2, 5, 7

<u>Federal Statutes</u>

42 U.S.C. § 2000d-7(a)(2) .................................................................................. 6

<u>State Statutes</u>

Government Code §11135 ............................................................................... 1, 2

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

A.  **Plaintiffs Concede That The State Claim Should Be Dismissed**

Defendant's initial memorandum pointed out that plaintiffs' third cause of action for violation of state law, i.e., California Government Code §11135, was entirely barred the Eleventh Amendment of the Constitution. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 -974 (9th Cir. 2004); *Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 846-847 (9th Cir. 1999); *Office of Hawaiian Affairs v. Dept. of Ed.*, 951 F.Supp.1484, 1501 (D. Hawaii 1996) ("..it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform to state law.")

Plaintiffs now concede in a footnote "they may not assert their Cal. Gov't Code § 11135 claim (County Three) against the Defendants in this Court…" (Opposition, p. 2, fn. 1.) Accordingly, plaintiff's third cause of action for violation of Government Code § 11135 should be dismissed.

B.  **Plaintiffs Concede That The Individually Named Defendants Should Be Dismissed From The Title VI Claim**

Plaintiffs also concede that "Title VI does not afford a cause of action against the individual defendants." (Opposition, p. 2, fn. 1.) Accordingly, the individually-named defendants (Robert Berkowitz, Thomas Cochran, Faith Crist, William Maffett, William Parker, and Jan Moorehouse) should be dismissed from plaintiffs' second cause of action for violation of Title VI.

C.  **The First, Second, Third, Fifth And Seventh Circuits All Support the Ninth Circuit District Courts' Determinations that Title VI Preempts a Section 1983 Claim Based on the Same Facts**

Defendants pointed out that, although the Ninth Circuit has not yet had the opportunity to decide whether Title VI preempts § 1983 claims based on the same facts, all of the districts courts within in this circuit which have confronted the issue concluded that it does. *Travis v. Folsom Cordova Unified Sch. District* 2007 WL 529840 (E.D.Cal. 2007); *Alexander v. Underhill*, 416 F.Supp.2d 999 (D.Nev. 2006); see also, *Mansourian*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

v. *Bd. of Regents, UC Davis*, 2007 WL 346034 (E.D.Cal. 2007) (citing *Travis*, supra, and concluding that Title IX preempted § 1983 claim for violation of equal protection).

Plaintiffs counter by arguing that preemption does not apply here, because "Plaintiffs seek to vindicate their *constitutional* rights, rather than some right granted by a secondary statutory scheme," citing and quoting *Community for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676 (6th Cir. 2006).

Plaintiffs point out that *Community for Equity* dealt with Title IX, and not Title VI. Nevertheless, plaintiffs state that "[c]ases such as *Communities for Equity* that address the question of Title IX's preclusive effect on § 1983 claims provide especially useful guidance, given the significant similarities between Title VI and Title IX's text, structure, and congressional intent," citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 694-96 (1979). (Opposition, p. 18, fn. 13.)

Defendants *agree* that Title IX cases provide "especially useful guidance" on the Title VI preemption issue in this case. See also, *Barnes v. Gorman*, 536 U.S. 181, 185 (2002) (Title IX was patterned after Title VI and is enforced and interpreted in the same manner as Title VI.); *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (same).

**The First, Second, Third, Fifth, and Seventh Circuits All Hold that Title IX claims subsume § 1983 claims.** [1] These circuits reject the arguments advanced in plaintiffs' opposition, including the "constitutional rights" argument. See also, *Doe v.*

---

[1] See *Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 179-80 (1st Cir.2007) (holding that plaintiff's § 1983 claim based upon alleged Equal Protection Clause violations were precluded by Title IX's remedial scheme); *Bruneau v. South Kortright Central School Dist.*, 163 F.3d 749 (2nd Cir.1998) ("[A] § 1983 claim based on the Equal Protection Clause is subsumed by Title IX); *Pfeiffer v. Marion Center Area School Dist.*, 917 F.2d 779 (3rd Cir.1990) (holding that a plaintiff may not claim that a single set of facts leads to causes of action under both Title IX and § 1983); *Lakoski v. James*, 66 F.3d 751 (5th Cir.1995) (Title IX precluded "derivative" assertion of § 1983 claim); *Waid v. Merrill Area Public Schools*, 91 F.3d 857 (7th Cir.1996) (Title IX claim precluded § 1983 claim based on same facts); *Boulahanis v. Board of Regents*, 198 F.3d 633 (7th Cir.1999) (same); Contra, See, *Lillard v. Shelby County Board of Educ.*, 76 F.3d 716 (6th Cir.1996);

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*D'Agostino*, 367 F.Supp.2d 157, 167 -170 (D.Mass.,2005) (agreeing with the Second, Third, and Seventh Circuits in refusing to recognize the "constitutional rights" exception to preemption and agreeing that "Congress intended Title IX to be the appropriate vehicle to protect all of plaintiff's rights."); *Frechel-Rodriguez v. Puerto Rico Dept. of Educ.*, 478 F.Supp.2d 191, 196 -197 (D.Puerto Rico 2007) ("We agree with the Second, Third, and Seventh Circuits that the *Sea Clammers* doctrine bars § 1983 suits predicated on Title IX violations and, accordingly, dismiss all of Plaintiffs' § 1983 claims…").

In addition, district courts in the Ninth Circuit, including a Northern District court, agree with the First, Second, Third, Fifth and Seventh Circuits. See, *Levine v. Regents of the University*, 2003 WL 23884795, *4 (N.D.Cal., 2003) ("Plaintiff cannot use [§ 1983] to enforce Title VII or Title XI, which themselves provide a direct remedy."), citing *Henkle v. Gregory*, 150 F.Supp.2d 1067, 1074 (D.Nev.2001) (holding that plaintiff cannot pursue a § 1983 remedy for the same violation alleged in her Title IX claim); *Brust v. Regents of University of Cal.*, 2007 WL 4365521 *4 -7 (E.D.Cal. 2007) ("Because plaintiffs' § 1983 claim based upon an alleged equal protection violation is subsumed by Title IX , defendants' motion to dismiss plaintiffs' § 1983 claim is GRANTED."); *Mansourian v. Bd. of Regents, UC Davis*, 2007 WL 346034 (E.D.Cal. 2007) (Title IX preempted § 1983 claim for violation of equal protection).

The recent decision by the district court in *Brust v. Regents of University of Cal.*, *supra*, is particularly instructive. After extensive analysis, the district court in *Brust* specifically rejected the "constitutional rights" argument made by plaintiffs and the court in *Community for Equity*, citing, *inter alia*, Ninth Circuit and Supreme Court authority:

> …While the Ninth Circuit has not decided the specific issue of whether § 1983 claims are subsumed by Title IX , it has recognized that federal statutes may preclude a § 1983 remedy if they are sufficiently comprehensive. See, e.g., *Dittman v. California*, 191 F.3d 1020, 1028 (9th

*Crawford v. Davis*, 109 F.3d 1281 (8th Cir.1997); *Seasons v. Snow*, 84 F.3d 1226 (10th Cir.1996).

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

> Cir.1999); *Dep't of Educ. v. Katherine D.*, 727 F.2d 809, 820 (9th Cir.1983). The court agrees with the reasoning of the Second Circuit in *Bruneau* that, under the *Sea Clammers* doctrine, Title IX's enforcement scheme is sufficiently comprehensive to subsume plaintiffs' virtually identical § 1983 claims and demonstrate that Congress intended to preclude § 1983 claims when it enacted this statute. *See Bruneau*, 163 F.3d at 756-57. *Contra Communities for Equity*, 459 F.3d at 685-86.
>
> ... Plaintiffs' § 1983 claim is based upon the same factual predicate as their Title IX claim. As such, their claims are under Title IX and the Equal Protection Clause are virtually identical. *See Smith*, 468 U.S. at 1009; *Bruneau*, 163 F.3d at 758.
>
> \* \* \* \*
>
> Therefore, given Title IX's administrative and judicial remedies, the court adopts the rationale of the Second Circuit and finds that it was Congress' intent "that a claimed violation of Title IX be pursued under Title IX and not § 1983." *Bruneau*, 163 F.3d at 757; *see Pfeiffer*, 917 F.2d at 789; *Travis*, [2007 WL 529840 (E.D.Cal. 2007)] (holding that Title VI precludes claims brought pursuant to § 1983 arising from the same facts).
>
> Plaintiffs contend that Title IX does not provide a remedy for constitutional rights and thus, it cannot subsume a claim for violation of their rights to equal protection. In support of their assertion, plaintiffs cite the decisions from the Sixth, Eighth, and Tenth Circuits, which have carved out an exception to the *Sea Clammers* doctrine for constitutional rights. *See Crawford*, 109 F.3d at 1284; *Seasons*, 84 F.3d at 1233; *Lillard*, 76 F.3d at 722-23. Generally, these Circuits reasoned that although the claims may arise from the same factual basis, the Equal Protection clause gives rise to distinct and independent substantive due process rights separate and apart from those rights protected by Title IX.
>
> Plaintiffs' argument is unpersuasive. In *Sea Clammers,* the Supreme Court focused on the available remedies in deciding whether a claim under § 1983 was precluded by a federal statutory scheme. 453 U.S. at 13, 20. The constitutional right exception focuses on the nature of the underlying right, an inquiry not focused upon by the Court in *Sea Clammers*. Rather, in *Smith v. Robinson,* the Supreme Court found that the Education of The Handicapped Act ("EA.") provided a sufficiently comprehensive enforcement scheme, such that it demonstrated Congress' intent to preclude a claim under § 1983 for an alleged Equal Protection Clause violation. 468 U.S. at 1013 ("We conclude, therefore, that where the EA. is available to a handicapped child asserting a right to a free appropriate public education, *based either on the EA. or on the Equal Protection Clause of the Fourteenth Amendment,* the EA. is the exclusive avenue through which the child and his parents or guardian can pursue their claim.") (emphasis added). Therefore, the court finds that there is not an exception to the *Sea Clammers* doctrine based upon plaintiffs' assertion of a constitutional right. Therefore, because plaintiffs' § 1983 claim based upon an alleged equal protection violation is subsumed by Title IX, defendants' motion to dismiss plaintiffs' § 1983 claim is GRANTED.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*Brust v. Regents of University of Cal.*, 2007 WL 4365521 at *4 –7.[2]

The First, Second, Third, and Seventh Circuits have also refused to recognize a "constitutional rights exception to the *Sea Clammers* doctrine." *Fitzgerald*, 504 F.3d at 179; *Bruneau*, 163 F.3d at 758; *Waid*, 91 F.3d at 862-63; *Pfeiffer*, 917 F.2d at 789. The Second Circuit found that a constitutional claim advanced under § 1983 claim, which was "based on the same factual predicate" as the plaintiff's Title IX claim, was preempted because "Congress intended Title IX to be the appropriate vehicle to protect all of plaintiff's rights." *Bruneau*, 163 F.3d at 758.

The court in *Brust* also addressed and found to be "without merit" the notion that the unavailability of individual liability under Title IX somehow undermines preemption of § 1983, citing the Seventh Circuit's decision in *Boulahanis*, 198 F.3d at 640, the First Circuit's decision in *Fitzgerald,* 504 F.3d at 178 ("Sanctioning § 1983 actions against individual school officials would permit an end run around [ ] manifest congressional intent" to aim the weaponry of Title IX at the recipient of federal funds), the Second Circuit's decision in *Waid*, 91 F.3d at 862 ("Congress intended to place the burden of compliance with civil rights law on educational institutions themselves, not on the individual officials associated with those institutions") and the district court's decision in *Travis,* [2007 WL 529840 (E.D.Cal.)] ("Allowing Plaintiffs to plead around

---

[2] See also, *Mansourian v. Bd. of Regents, UC Davis*, 2007 WL 346034 at * 14-17 (rejecting "constitutional rights" exception to *Sea Clammers* doctrine and dismissing § 1983 claims based on violation of Equal Protection Clause as preempted by plaintiffs' Title IX claim); *Alexander v. Underhill*, 416 F.Supp. at 1008 (dismissing Title IV claim stating: "[Plaintiff's] Equal Protection claim alleges that they were denied the same treatment as other students on account of their race. The court finds that such allegations fall squarely within the conduct that Title IV was designed to remedy. Title IV essentially proscribes conduct that would violate the Equal Protection Clause…" [citation omitted]).

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

the detailed statutory scheme created by Title VI by pleading a § 1983 claim against [the defendant] in his individual capacity would be inconsistent with Congress' creation of restrictions on Title VI claims.").

The First Circuit's 2007 decision in *Fitzgerald v. Barnstable School Committee*, supra, is also instructive. It also addresses and rejects all of the argument raised by plaintiff in their Opposition against preemption of their § 1983 claim by Title VI:

> The plaintiffs. . . . argue that Title IX's remedial scheme is not sufficiently comprehensive to evince Congress's intent to preclude § 1983 enforcement actions. They point out that the primary means of enforcement set out in the statute itself is the withholding of federal funds. . . and they attach great significance to the fact that this mechanism is rarely used. Thus, they visualize § 1983 actions as a necessary complement to the administrative under-enforcement of Title IX rights.
>
> This argument is poorly conceived. One flaw is that preclusion doctrine is concerned with what Congress intended and what remedies it deemed appropriate-not with how vigorously others (including the Executive Branch) may choose to enforce those remedies. Moreover, taking Executive Branch enforcement into account would work a de facto delegation of legislative power to the Department of Education; in effect, the Department would be granted the power to determine the availability of § 1983 remedies through the modulation of its enforcement activity. Yet we have not been directed to any language in Title IX suggesting such a delegation, and we do not believe that any such language exists.
> An even more conspicuous flaw is that the plaintiffs' argument ignores the availability of a private judicial remedy under Title IX itself. *See Cannon*, 441 U.S. at 717, 99 S.Ct. 1946. The case at hand is a paradigmatic example of both the existence and the utility of that remedy.
>
> * * *
>
> The test for § 1983 preclusion does not turn on whether private causes of action under a particular statutory scheme are explicit or implicit. The dispositive criterion revolves around congressional intent: Did Congress intend the remedial scheme under the statute to be exclusive? *See Smith*, 468 U.S. at 1012. . . Several years ago, the Supreme Court conducted a thorough review of the legislative history of Title IX and determined that Congress intended to create a private right of action. *See Cannon*, 441 U.S. at 694-703, 99 S.Ct. 1946.[3] . . .We,

---

[3] The Supreme Court in *Cannon* also concluded that Title VI authorized an implied private cause of action for victims of the prohibited discrimination. *Id.*, 441 U.S., at 703. Although courts originally interpreted Title VI as implying a private cause of action against a state, Congress later amended the statute to make it <u>explicit</u>. *See Alexander v. Sandoval*, 532 U.S. 275, 279-80 (2001). "In doing so, Congress evidenced no intent to limit the remedies available against other parties. *See* 42 U.S.C. § 2000d-7(a)(2) ("In a suit against a State for a violation of a statute ... remedies (including remedies both at law

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

like the majority of the other courts of appeals that have addressed the issue, believe that this private right of action must be considered as part of the warp and woof of Title IX's overall remedial scheme for purposes of preclusion analysis. *See Bruneau,* 163 F.3d at 757; *Waid v. Merrill Area Pub. Sch.,* 91 F.3d 857, 862-63 (7th Cir.1996); *Pfeiffer v. Marion Ctr. Area Sch. Dist.,* 917 F.2d 779, 789 (3d Cir.1990).

\* \* \*

The plaintiffs acknowledge that Title IX, as authoritatively interpreted, confers an implied private right of action. They note, however, that this right of action is a more restrictive remedy than that afforded by § 1983. One major distinction is that, unlike § 1983, Title IX does not supply a right of action against individual school officials. . . for monetary relief.

In our view, that distinction makes no difference. Precedent teaches that a remedial scheme can be considered comprehensive for purposes of preclusion analysis without affording a private right of action for monetary relief against every potential wrongdoer. The key case is *Smith,* in which the Supreme Court discerned a comprehensive remedial scheme sufficient to preclude § 1983 actions despite the total absence of *any* private rights of action against individual state actors for monetary relief. *See Smith,* 468 U.S. at 1010-11; *Burlington Sch. Comm. v. Mass. Dep't of Educ.,* 471 U.S. 359, 367 (1985) (describing purpose of Education of the Handicapped Act as the provision of appropriate education "at *public* expense") (emphasis supplied); *see also Sea Clammers,* 453 U.S. at 6-7 nn. 9 & 11, 101 S.Ct. 2615 (noting that neither statute provides for any monetary relief against individual defendants).

Given this precedent, we see no problem in holding § 1983 actions, including § 1983 actions against individuals, precluded by Title IX, even though such a holding would deprive plaintiffs of the right to seek relief against the individuals alleged to have been responsible for conduct violative of Title IX.

\* \* \*

We conclude that the remedial scheme of Title IX is sufficiently comprehensive to demonstrate Congress's intention to preclude the prosecution of counterpart actions against state actors-entities and individuals alike-under § 1983. *Accord Williams,* 477 F.3d at 1299-1300; *Bruneau,* 163 F.3d at 756; *Waid,* 91 F.3d at 862-63; *Pfeiffer,* 917 F.2d at 789. We therefore uphold the lower court's ruling that the plaintiffs' Title IX claims, brought under the mantle of § 1983, are precluded.

*Fitzgerald,* 504 F.3d at 176 -179

---

and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.")."; *Miranda B. v. Kitzhaber* 328 F.3d 1181, 1189 (9th Cir. 2003)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

The constitutional (Equal Protection Clause) and factual basis of plaintiffs' § 1983 and Title IV claims are *identical*. Based on the authorities cited above, and those in defendants' initial memorandum, plaintiffs' § 1983 claim should be dismissed as preempted and subsumed by their Title VI claim.

**D.    Plaintiffs' Section 1983 Claim is Also Barred by the Eleventh Amendment Because Plaintiffs have Admitted that they Only Seek to Remedy a Past Action, i.e., Closure of the MK Middle Grades**

As discussed in defendants' initial memorandum, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply when the relief sought is retrospective in nature.

In their opposition, plaintiffs have framed "the issue in this case" as "whether Defendants discriminated against Native Americans students by closing the middle school grades at MKS…" (Opposition, p. 9, fn. 5.) This statement confirms the Eleventh Amendment bars that plaintiffs' § 1983 claim. The relief sought is retrospective: to "undo" the vote by the District's Board to close the middle grades at Margaret Keating school.

Defendants invite the Court's attention to *Students for a Conservative America v. Greenwood,* 378 F.3d 1129 (9th Cir. 2004). In that case, plaintiffs sued the University of Santa Cruz and the University's election commission under § 1983, challenging the University's election code and the commission's determination that the plaintiffs violated the code in a student election. Their complaint sought a court order requiring a new election. The issue on appeal was "whether the request for a new election falls within the exception to a State's Eleventh Amendment immunity that applies when a state official is sued for prospective injunctive relief." *Id.* at 1130. The Ninth Circuit affirmed dismissal of the complaint, stating: "We agree with the district court that the Eleventh Amendment precludes granting the plaintiffs' request for a new election

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

because it is not a request for prospective relief. Its purpose is to undo the results of an election that has already been given effect." *Id.*

Similarly, plaintiffs here seek to "undo" a previous determination by the Board to close the MK middle school grades. Under the reasoning of the Ninth Circuit's decision in *Greenwood*, the relief requested is, in substance, retrospective. Thus, the § 1983 claim is barred by the Eleventh Amendment.[4]

The decision in *Office of Hawaiian Affairs v. Dept. of Education*, 951 F.Supp. 1484 (D. Hawaii 1996) is also instructive. The plaintiffs sued the State Dept. of Education, its Board, their superintendent, and members of the Board under § 1983, alleging that the failure to provide sufficient education in Hawaiian language and culture in public schools. The plaintiffs alleged violation of their First and Equal Protection rights, due to the State of Hawaii's past discrimination against the use of Hawaiian language in public schools. *Id.* at 1499. The plaintiffs sought a court order requiring the Defendants (1) to provide sufficient resources (teachers, classrooms, and learning materials) for Hawaiian immersion programs in public schools, (2) to devise a plan to expand Hawaiian language programs, and (3) to develop a pool of teachers for Hawaiian language immersion education. *Id.* Noting that "[c]ourts must 'look to the substance rather than the form of relief sought' to determine whether the relief violates the Eleventh Amendment,' " (citing *Papasan v. Allain*, 478 U.S. 265, 279 (1996)), the court concluded "that the relief which Plaintiffs seek is retrospective rather than prospective because it addresses a past constitutional violation of when the State of Hawaii banned the use of the Hawaiian language in schools.") *Id.* at 1489-99.

Similarly, plaintiffs seek to remedy past alleged discrimination, i.e., the closure of the MK middle grades, and references the alleged "historical record of discrimination

---

[4] In addition, as discussed in defendant's initial memorandum, and *infra*, the relief requested is unconstitutional as a matter of law.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

against Native Americans in the community." (Complaint, ¶ 7; See also, Opposition, p. 9, fn. 5, characterizing the issue in this case as "whether Defendants discriminated against Native Americans students by closing the middle school grades at MKS..." As in *Office of Hawaiian Affairs*, the "substance" of the relief sought by plaintiffs is retroactive, and, thus, the § 1983 claim is barred by the Eleventh Amendment.

Plaintiffs' argue that their claim for declaratory relief evades the Eleventh Amendment immunity. This is not the law. "A declaratory judgment is not available when the result would be a partial "end run" around [the Eleventh Amendment]." *Green v. Mansour*, 474 U.S. 64, 73 (1985). See also, *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("[T]he [*Ex Parte Young* exception] is narrow: It applies only to prospective relief, and does not permit judgments against state officers declaring that they violated federal law in the past...").

Accordingly, plaintiffs' § 1983 claim should be dismissed for the additional reason that it is barred by the Eleventh Amendment.

### E. The Complaint Is Subject To Dismissal Because The Relief Sought Is Unconstitutional And Therefore Unavailable

Defendants by no means intend to place plaintiffs (or plaintiffs' counsel) in the company of those who have historically espoused racial segregation. The fostering of ancestral and cultural heritage – regardless of one's race or national origin – is a laudable and worthy goal. However, "[t]he constitutional problems with government race-based decisionmaking are not diminished in the slightest by the presence or absence of an intent to oppress any race or by the real or asserted well-meaning motives for the race-based decisionmaking." *Parents Involved* v. *Seattle School District*,__ U.S.__, 127 S.Ct. 2736, 2774 (2007) (Thomas, J., concurring), citing *Adarand Construction, Inc. v. Pena*, 515 U.S. 200, 228-229 (1995) ("As far as the Constitution is concerned, it is irrelevant

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

10

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

whether a government's racial classifications are drawn by those who wish to oppress a race or by those who have a sincere desire to help those thought to be disadvantaged.").

Plaintiffs' opposition first argues, on procedural grounds, that a complaint which requests unconstitutional or otherwise unavailable relief is not subject to dismissal. However, all of the cases cited are inapposite because they merely stand for the proposition that a complaint is not subject to dismissal under Rule 12b(6) when the plaintiff requests the *wrong* relief.

As set forth in defendants' initial memorandum, a complaint should be dismissed if "the relief sought by [plaintiff] is unavailable as a matter of law." *Schweiker v. Chilicky* 487 U.S. 412, 429 (1988). Plaintiffs impliedly concede this point when they attempt to distinguish *Schweiker* on the grounds that "Plaintiffs are asking for a type of remedy fully contemplated by both the Equal Protection Clause and Title VI." To the extent that plaintiff are asserting that injunctive and declaratory relief are the *kinds* of relieve available to remedy violation of equal protection and Title VI, defendants agree.

The problem here, as discussed in defendants' initial memorandum, is not the *kind* of relief sought, but its *substance*, i.e., a patently unconstitutional order implementing race-based separatism and isolation – which has been universally condemned by the courts since *Brown v. Board of Education*. See, *Seattle School District*, 127 S.Ct at 2769:

> "In the context of public schooling, segregation is the deliberate operation of a school system to 'carry out a government policy to separate pupils in school based solely on the basis of race.'"

(Thomas, concurring, quoting *Swann v. Charlotte Mecklenburg Bd. of Ed.*, 402 U.S. 1, 6 (1971).)[5]

---

[5] Plaintiffs' opposition invokes the Native American Languages Act (NALA) and a provision of the "No Child Left Behind" Act. However, there is nothing in either statute reflecting a legislative intent to implement (or advocate) racial separatism in the public school system. See also, *Office of Hawaiian Affairs*, 951 F.Supp. at 1495 (rejecting the notion that the NALA provided a basis for a private cause of action of any kind, and concluding that "it cannot be read to require states to provide Native American immersion programs.")

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

11

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Contrary to plaintiffs' assertion, the relief sought does not comport with the Equal Protection Clause or Title VI and is therefore "unavailable as a matter of law." Accordingly, the complaint should be dismissed. *Schweiker,* 487 U.S. at 429.

## F. Conclusion

For all of the above-stated reasons, defendants are entitled to an order dismissing the complaint. Clearly, plaintiffs' section 1983 claim should be dismissed without leave to amend because it is preempted by the Title VI claim (and barred by the Eleventh Amendment), the state cause of action should be dismiss without leave to amend based on plaintiffs' concession that it is barred by the Eleventh Amendment, and the individual defendants should be dismissed from the Title VI claim, based on plaintiffs' concession that Title VI applies only to entity defendants.

More fundamentally, the complaint is defective at its core, and subject to dismissal, because plaintiffs request that the court issue an order, in effect, to "carry out a government policy to separate pupils in school based solely on race," which, as explained above, and in defendants' initial memorandum, is patently unconstitutional.

DATED: February 3, 2008         MITCHELL, BRISSO, DELANEY & VRIEZE

By: *[signature]*
John M. Vrieze
William F. Mitchell
Attorneys for Defendants

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

12
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT