John M. Vrieze, CSB #115397
William F. Mitchell, CSB #159831
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorneys for Defendants

JORY C. STEELE, CSB # 206944
ALAN L. SCHLOSSER, CSB # 49957
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111

Telephone: (415) 621-2493
Facsimile: (415) 255-1478
jsteele@aclunc.org

DONALD W. BROWN, CSB # 83347
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111

Telephone: (415) 591-6000
Facsimile: (415) 591-6091
sgeorge@cov.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL L. GENSAW III, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEL NORTE COUNTY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | CASE NO.: C-07-3009-TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: April 14, 2008<br>TIME: 10:00 A.M.<br>CTRM: 12, 19th Floor<br>Honorable Thelton E. Henderson |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0

JOINT CASE MANAGEMENT STATMENT

The parties submit the following as their Joint Case Management Statement in the above-entitled action.

### Jurisdiction and Service

Plaintiffs assert that this Court has jurisdiction over all of the plaintiffs' claims pursuant to 28 U.S.C. §§1331, 1343. This action for declaratory and injunctive relief arises under 42 U.S.C. §1983, the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d *et seq.*, and Cal. Gov. Code, §§11135, *et. seq.* Pursuant to 28 U.S.C. §§2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 23(b)(2) of the Federal Rules of Civil Procedure authorizes the maintenance of this action as a class action. Plaintiffs are not aware of any issue regarding personal jurisdiction or venue. Venue is proper in this action pursuant to 28 U.S.C. §1391 because the defendants reside in the Northern District of California. All defendants have been served with or have accepted service of the Complaint and have appeared in the action.

### Facts

In the 2004-2005 school year, approximately 67% of the students enrolled at Margaret Keating Elementary School, in Klamath, California, were Native Americans. Plaintiffs contend that Margaret Keating has been and is for students and others a center of Native American cultural heritage, important to the preservation of the traditions, values, and customs of the Yurok tribe.

On June 9, 2005, the Board of the Del Norte County Unified School District ("District" or "Board") voted to close the middle school grades (six through eight) of the Margaret Keating Elementary School, in Klamath, California, and to reassign the sixth through eighth grade students to Crescent Elk Middle School in Crescent City, California, beginning September 2005.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

Eight children of Native American descent, through their parents/legal guardians, and on behalf of a putative class of Native American children who would attend grades six through eight at Margaret Keating but for the closure, claim that the decision to close the middle school grades of Margaret Keating Elementary School and to reassign middle grade students to Crescent Elk Middle School had a discriminatory impact on Native Americans, and was racially motivated. Plaintiffs seek a "preliminary and permanent injunction mandating the defendants to re-open grades six through eight at Margaret Keating Elementary School, staffed with qualified teachers assigned to teach each grade the full curricula appropriate to that grade and supporting activities that teach and foster Native American languages, history and culture, and permit any and all Native American children living in Klamath and eligible for those grades who wish to do so to attend the middle school grades at Margaret Keating." Plaintiffs also seek class certification and attorney's fees pursuant to 42 U.S.C. §1988.

Defendants assert that the decision to close the middle school grades of Margaret Keating Middle School and to reassign those students to Crescent Elk Middle School was made for legitimate, nondiscriminatory reasons, including cost savings due to a budget deficit, and to provide students with better educational opportunities. Defendants also claim that plaintiffs' complaint fails to state a cognizable cause of action under the facts alleged, and have filed a motion to dismiss the complaint, currently pending before this court.

**Legal Issues**

Defendants have filed a motion to dismiss plaintiffs' complaint, which is currently pending before the court. As set forth in the motion, defendants contend that no cognizable cause of action is alleged in plaintiffs' complaint, and that the complaint should be dismissed.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

JOINT CASE MANAGEMENT STATMENT

### Motions

Defendants have filed a motion to dismiss the complaint, which is currently pending before the court. Should any cause of action survive the motion to dismiss, defendants intend to proceed with a motion for summary judgment, following completion of discovery. Plaintiffs intend to file a motion seeking class certification.

### Amendment of Pleadings

The claims brought by Ruby Grubbs as guardian *ad litem* on behalf of Cherrisa Parsley and Isaiah Parsley have been dismissed because Ms. Grubbs is no longer the Parsleys' guardian *ad litem*. Plaintiffs contemplate no other amendments to the Complaint at this time.

### Evidence Preservation

Plaintiffs do not believe that they have custody of any documents relevant to the claims in this action. Plaintiffs believe that most or all of the documents supporting its claims in this case are in the custody of the defendants. Defense counsel has informed defendants of the need to preserve all evidence relevant to the issues in this action, and have insured that no such evidence will be destroyed or erased.

### Disclosures

The parties have agreed pursuant to Rule 26(a)(10)(A) to postpone the timing for disclosures under Rule 26(a) until after the Court rules on the pending motion to dismiss.

### Discovery

The parties have conferred and agree that the development of a discovery plan should follow the Court's ruling on the pending motion to dismiss.

### Class Actions

Plaintiffs contend the proposed class — all Native American children living in Del Norte County who would attend grades six, seven and/or eight at Margaret Keating Elementary School in the 2007-2008 and subsequent academic years but for Defendants'

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

JOINT CASE MANAGEMENT STATMENT

closure of those grades – satisfies all four requirements of Rule 23(a), and is properly maintained as a class action pursuant to Rule 23(b)(2). Defendants will oppose any class certification.

### Related Cases

The parties are not aware of any related cases or proceedings.

### Relief

Plaintiffs seek a "preliminary and permanent injunction mandating the defendants to re-open grades six through eight at Margaret Keating Elementary School, staffed with qualified teachers assigned to teach each grade the full curricula appropriate to that grade and supporting activities that teach and foster Native American languages, history and culture, and permit any and all Native American children living in Klamath and eligible for those grades who wish to do so to attend the middle school grades at Margaret Keating." Plaintiffs also seek class certification and attorney's fees pursuant to 42 U.S.C. §1988.

### Settlement and ADR

Plaintiffs' and defense counsel, and defendant/Superintendent Jan Moorehouse met and conferred in person at the law offices of plaintiffs' counsel regarding possible informal resolution of this matter. This meeting took place before defendants filed their motion to dismiss. Defendants believe that further discussions between the parties concerning informal resolution or ADR would be premature at this stage, given the pending motion to dismiss. Because this case was assigned to the ADR Multi-Option Program, the parties have filed the required Notice of Need for ADR Phone Conference form, and have scheduled the ADR phone conference to occur before the Case Management Conference.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

JOINT CASE MANAGEMENT STATMENT

### Consent to Magistrate Judge for All Purposes

The defendants declined to have a magistrate judge conduct all further proceedings in this matter.

### Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### Narrowing of Issues

At this juncture, plaintiffs do not have any proposals for the narrowing of issues, the expediting of the presentation of evidence at trial, or the bifurcation of issues, claims or defenses. Defendants believe it is premature to suggest narrowing of issues due to the pending motion to dismiss.

### Expedited Schedule

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### Scheduling

Due to the pending motion to dismiss, the parties believe it is premature to propose dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. Defendants suggest that a further case management conference be scheduled if defendants' motion to dismiss is denied, in part or in whole.

### Trial

Plaintiffs expect that this trial, which will take place before a jury, will be approximately four to six weeks in length. Due to the pending motion to dismiss, defendants believe it is premature to discuss the type and expected length of trial.

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

**Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certificate of Interested Entities or Persons" as required by Civil Local Rule 3-16, and, other than the named parties, no such interested entities or persons exist.

**Other Matters**

The parties suggest that a further case management conference be scheduled if defendants' motion to dismiss is denied, in part on in whole.

DATED: April 7, 2008      MITCHELL, BRISSO, DELANEY & VRIEZE

By: *(signature)* William F. Mitchell
Attorneys for Defendants

DATED: April    , 2008      COVINGTON & BURLING LLP

By:_____
Attorneys for Plaintiffs

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

JOINT CASE MANAGEMENT STATMENT

Apr-04-2008 11:53am   From-Covington & Burling LLP        +415000000000        T-108  P.002/002  F-838

### Disclosure of Non-party Interested Entities or Persons

The parties have filed the "Certificate of Interested Entities or Persons" as required by Civil Local Rule 3-16, and, other than the named parties, no such interested entities or persons exist.

### Other Matters

The parties suggest that a further case management conference be scheduled if defendants' motion to dismiss is denied, in part on in whole.

DATED: April   , 2008        MITCHELL, BRISSO, DELANEY & VRIEZE

By:_____
Attorneys for Defendants

DATED: April 4, 2008        COVINGTON & BURLING LLP

By:_____
Attorneys for Plaintiffs

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

JOINT CASE MANAGEMENT STATMENT